## Harrison v. Commonwealth.

June 9, 1939.

W. E. Begley, Judge.

Edward R. Hays for appellant.

Hubert Meredith, Attorney General, and Jesse K. Lewis, Assistant Attorney General,. for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Affirming.

The appellant, John B. Harrison, has prosecuted this appeal from a judgment of the Jackson Circuit Court sentencing him to three years in the penitentiary upon indictments charging him with the offense of willfully and maliciously striking and wounding Dr. J. E. Anderson with a blackjack, a deadly weapon, with intent to kill said Anderson.

The only ground urged for reversal of the judgment is that the evidence fails to show malice on the part of appellant. The argument is based upon the fact that there was no evidence of any ill will or feeling between appellant and Dr. Anderson previous to the controversy in question. Dr. Anderson testified that he and appellant had always been good friends and that he thought appellant was just playing with him when he approached him.

It appears that a justice of the peace of Jackson County and, perhaps appellant, too, conceived the idea that Dr. Anderson was drunk on a public street in the town of McKee and the justice of the peace ordered appellant, who was not an officer, to arrest Dr. Anderson, whereupon appellant approached Dr. Anderson, taking hold of him and, according to the evidence of a number of the witnesses, appellant said to Dr. Anderson, "Come, go this way," or words of like import, and, upon Dr. Anderson's refusal or resistance, appellant struck him on the head with a blackjack, severely wounding and injuring him. The evidence is conflicting as to whether

appellant notified Dr. Anderson of his intention to arrest him, and as to whether Dr. Anderson was drunk. Dr. Anderson and a number of other witnesses testified that appellant did not notify Anderson that the justice of the peace had ordered his arrest or otherwise notify him of his intention to arrest him.

It is conceded by the Commonwealth that, under the provisions of Sections 38 and 39 of the Criminal Code of Practice, a magistrate or any judge may orally order a peace officer or private person to arrest anyone committing a public offense in the magistrate's or the judge's presence, which order shall authorize the arrest. But the Code, supra, further provides that the person making the arrest shall inform the person about to be arrested of the intention to arrest him and of the offense charged against him for which he is to be arrested, and if acting under a warrant of arrest, shall give information thereof and, if required, shall show the warrant.

The court instructed the jury under the provisions of the Code, supra, telling them, in substance, that if Dr. Anderson was drunk or intoxicated in a public place in the presence of a justice of the peace, the justice had the right and it was his duty to summons the defendant to arrest Dr. Anderson and it was the duty of the defendant to obey said summons and make the arrest, and, further, that it was the duty of the defendant, before making the arrest, to notify Dr. Anderson that he was authorized to make said arrest and of his intention to do so if he had reasonable time and opportunity to so notify him, and it was the duty of Dr. Anderson to peaceably submit to the arrest; and, if the jury believed from the evidence that the state of facts existed as set out above, and further believed from the evidence that the defendant attempted to make such arrest and Dr. Anderson refused to submit to the arrest, then the defendant had the right to use such force as was necessary, and no more, to overcome such resistance to effect said arrest, and if the jury believed that the defendant struck and wounded or assaulted Dr. Anderson under these circumstances, then they should find the defendant not guilty. The court further gave the usual instructions on malicious striking and wounding with a deadly weapon with intent to kill; upon assault and battery, and reasonable doubt as to the degree of the offense; self-defense; and reasonable doubt as to whether the defendant had been proven guilty. Upon examination of instructions for

ourselves we find them to be substantially correct on all phases of the law of the case under the issues involved.

With reference to proof of malice, it was not necessary for the Commonwealth to prove that any ill will had existed between appellant and Dr. Anderson previous to the occasion in question.

As used in criminal law, the words "malice aforethought" mean a predetermination to commit an act without legal justification or excuse; it being immaterial at what time before the act such determination was formed, and malice may be inferred from the circumstances attending the act. Fields v. Commonwealth, 152 Ky. 80, 153 S. W. 29; Howard v. Commonwealth, 178 Ky. 844, 200 S. W. 29; Curtis v. Commonwealth, 169 Ky. 727, 184 S. W. 1105.

Since there was a sharp conflict in the evidence and the issues properly submitted to the jury by appropriate instructions, and the jury being the judge of the evidence and the credibility of the witnesses, they had the right to believe either the Commonwealth's or appellant's theory of the case, and, having found defendant guilty, we are not authorized to disturb the verdict.

The judgment is affirmed.