## Rose v. Commonwealth.

March 28, 1941.

54

C. B. Upton, D. M. Bingham and R. L. Pope for appellant.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

The appellant, Lee Rose, defendant below, was convicted of the murder of Homer Carpenter, and his punishment was fixed at life imprisonment. He seeks to reverse the judgment because: (1) There was a variance

between the indictment and the proof; (2) he should have been granted a continuance; (3) a peremptory instruction should have been given in his favor; (4) the evidence did not justify an instruction on murder; (5) the Commonwealth was allowed to contradict statements contained in defendant's affidavit which it agreed might be read to the jury as the testimony of an absent witness; (6) the Commonwealth was permitted to attack defendant's general reputation for peace and quietude when he had not put it in issue.

The indictment charged defendant with the murder of "Hobart Carpenter," while all the evidence introduced by the Commonwealth showed he killed Homer Carpenter. The defendant does not contend that he was misled by the given name of the deceased appearing in the indictment as "Hobart." All the Commonwealth's evidence was directed to the killing of Homer Carpenter. Defendant admitted he killed Homer and attempted to justify his act as having been done in self-defense. The typewritten copy of the indictment in the record has the word "illegible" written in parenthesis immediately preceding "Hobart Carpenter" the first time deceased's name appears in the indictment. We gather from this that the indictment was not typewritten but was in the handwriting of the draftsman, and as no mention was made of the alleged variance between the indictment and the proof in the motion for a new trial, the misspelling of deceased's given name, if in fact it were misspelled, was not discovered until the record was copied by the clerk. No question was raised on the trial as to the identity of deceased and it is not contended that the mistake in his first name was prejudicial to defendant or prevented him from having a fair trial. Therefore, we are not inclined to regard this as a variance between the indictment and the proof. Kriel v. Com., 5 Bush. 262, 68 Ky. 362; Skelton v. Com., 92 S. W. 298, 28 Ky. Law Rep. 1351; Rice v. Com., 105 S. W. 123, 31 Ky. Law Rep. 1354.

There were six eyewitnesses to the shooting; three of whom testified for the Commonwealth, two for the defendant, and the sixth, John Partin, was absent. With the consent of the Commonwealth, defendant's affidavit as to what this witness would state was read to the jury as his deposition. A large discretion rests in the trial court in granting or refusing a continuance, which dis-

cretion will not be interfered with by this court unless it is abused. As John Partin's testimony was largely cumulative, we do not think it was an abuse of discretion on the part of the trial judge to refuse to grant defendant a continuance. Kirk v. Com., 192 Ky. 460, 233 S. W. 1060; Williams v. Com., 234 Ky. 729, 29 S. W. (2d) 11.

The third and fourth grounds for reversal will be considered together as they are closely related. We do not deem it necessary to recite the testimony relative to the killing, but it will suffice to state it occurred in a saloon and that the testimony of the Commonwealth was to the effect that at the time the deceased was shot he had a bottle of beer in his hand and was coming from behind the bar. Just as he raised a gate in the counter and took one step, defendant told him to stop and then shot him. The testimony of the defendant and his witnesses was that the deceased had an empty beer bottle in his hand in a striking position, was advancing upon defendant who was retreating and asking deceased not to come on him at the time defendant fired. If the Commonwealth's witnesses are believed, there was no excuse for the shooting. If the defendant and his witnesses are believed, it was a case of self-defense. Thus an issue was made for the jury to determine whether the killing was without justification, or was done in self-defense. Where there is any evidence which tends to establish defendant's guilt of any degree of the offense charged, it is sufficient to take the case to the jury and sustain a conviction, unless the verdict is so flagrantly against the evidence as to shock the conscience, or leave little or no escape from the conclusion that it was the result of passion or prejudice on the part of the jury. Gambrel v. Com., 283 Ky. 816, 143 S. W. (2d) 514; Russell v. Com., 276 Ky. 38, 122 S. W. (2d) 1009; Jennings v. Com., 239 Ky. 629, 40 S. W. (2d) 279.

The defendant argues that as the Commonwealth produced no evidence of ill will against deceased by defendant prior to the shooting, therefore no murder instruction should have been given and the court should have instructed only on voluntary manslaughter. In criminal law, the term "malice aforethought" means a predetermination to commit an act without legal excuse and it is immaterial at what time before the commission of the act such a determination was formed. Therefore, malice may be inferred from the circumstances at-

tending the act and it is for the jury to determine whether or not the act was done with malice aforethought. Harrison v. Com., 279 Ky. 510, 131 S. W. (2d) 454, and authorities therein cited.

After defendant had read to the jury his affidavit as to what the absent witness, John Partin, would testify, the court erroneously permitted the Commonwealth to introduce in rebuttal the sheriff and the coroner, each of whom testified John Partin gave no such testimony before the coroner's jury. We had practically this same question before us in Jarrell v. Com., 240 Ky. 845, 43 S. W. (2d) 177, where the Commonwealth attempted to contradict the absent witness by having the grand jury reporter read to the trial jury the testimony such witness gave before the grand jury. In condemning such practice in the Jarrell case, we said that the reason for the rule that the testimony of the absent witness as incorporated in an affidavit for a continuance cannot be contradicted is that no foundation was or could be laid for the introduction of such impeaching testimony. We cannot accept the Commonwealth's argument that because the sheriff and the coroner did not state just what testimony John Partin gave before the coroner's jury, they did not contradict him when that part of his affidavit was read to them containing his testimony and they each testified he gave no such testimony before the coroner's jury. This was just as much a contradiction of him as if these witnesses had testified as to statements he made to them or in their presence contradictory of his testimony contained in the affidavit. The Jarrell case was followed in Miller v. Com., 241 Ky. 818, 45 S. W. (2d) 461, where the Commonwealth attorney argued, as he did in the instant case, that the absent witness had been contradicted, and we there condemned such argument as being improper. It cannot be doubted that the error of the trial judge in allowing the Commonwealth to contradict the testimony of the absent witness as contained in defendant's affidavit, and in permitting the Commonwealth attorney to argue to the jury that he had been contradicted, was prejudicial to defendant's substantial rights, and the judgment must be reversed for this error.

The defendant did not put his character for peace and quietude in issue and the trial court erred in permitting the Commonwealth to prove by several wit-

nesses in rebuttal that they knew defendant's general reputation in this respect from what his neighbors and acquaintances generally said about him, and that such reputation was bad. In Shell v. Com., 245 Ky. 223, 53 S. W. (2d) 524, and Clair v. Com., 267 Ky. 363, 102 S. W. (2d) 367, will be found an exhaustive discussion on character evidence, and the rule is there clearly stated relative to its introduction and it is unnecessary to go into it here. Evidence as to the character of the accused having some relation to the nature of the offense charged which bears on the question of guilt or innocence must first be introduced by the accused, and until he has put such character in issue the Commonwealth cannot attack it. In the instant case after the defendant had made an unguarded or unfortunate statement on the witness stand, ''I kind of hated killing deceased,'' his attorney asked him if he had ever been in court before. His reply was, ''Nothing but a witness one time.'' The Commonwealth argues that by this statement defendant attempted to prove that his reputation for peace and quietude was good, and having thus put it in issue, the Commonwealth could attack it in rebuttal. It is obvious that the defendant by the above statement was not attempting to prove his general reputation for peace and quietude in the community from what his neighbors and acquaintances said about him, and the trial judge erred in permitting the Commonwealth in rebuttal to attack defendant's reputation on this subject. In the instant case there were five eyewitnesses testifying as to how the killing occurred, and defendant attempted to justify his actions on the ground of self-defense. Hence it is evident the character evidence could have but little relevancy or importance, and we do not regard the error of the trial judge in this respect as being prejudicial to defendant's substantial rights. Denton v. Com., 188 Ky. 30, 221 S. W. 202. However, on another trial of this case the Commonwealth will not be allowed to attack defendant's general reputation for peace and quietude unless he first puts it in issue.

The judgment is reversed for proceedings consistent with this opinion.