## PITTMAN v. COMMONWEALTH.

Court of Appeals of Kentucky.

Oct. 12, 1951.

Henry Jack Wilson, Mayfield, for appellant.

A. E. Funk, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

John Melvin (Junior) Pittman, upon trial for murder, was found guilty and given a life sentence. On appeal he alleges the following seven grounds of error: (1) Failure to grant a continuance; (2) failure to declare a mistrial because the defendant was brought into court in handcuffs; (3) failure to permit a prejudiced juror to be challenged for cause, thus requiring the defendant to exercise his last peremptory challenge in order to remove the juror; (4) failure to give a peremptory instruction at the close of the Commonwealth's case; (5) failure to give a peremptory instruction at the close of all the evidence; (6) failure to give the whole law of the case in the instructions; and (7) improper argument of the Commonwealth's attorney.

We will discuss the alleged grounds of error in the order above enumerated.

The defendant's motion for a continuance was based on the fact that defendant's counsel were allowed only 10 days in which to prepare for trial, which was insufficient because during that period the defendant was confined in jail in Paducah 25 miles away from Mayfield, where the attorneys resided and where the case was set for trial. By reason of the insecurity of the Graves County jail, the defendant, following his arrest, was committed for safekeeping to the McCracken County jail in Paducah. He was arraigned before the Graves Circuit Court on March 5, 1951. On that date the case was set for trial on March 16, and,

the defendant not having counsel, two members of the Mayfield Bar were appointed as his attorneys. The defendant then was recommitted to the McCracken County jail, pending the trial.

█ The motion for a continuance pointed out that defendant's counsel were required to travel a total distance of 50 miles to and from Paducah in order to consult with the defendant, and that the defendant had no funds with which to pay for such travel or for necessary travel to interview witnesses. The defendant's counsel could not have been hindered seriously in the preparation of their case by being required to travel from Mayfield to Paducah in order to talk to their client. As attorneys and officers of the court, defendant's counsel were obligated to make personal sacrifices if necessary in order adequately to prepare the defense of the client for whom they were appointed, and lack of funds of the defendant to pay for necessary travel in investigating the case would not excuse any delay on their part. The motion for continuance did not allege any specific line of investigation defendant's counsel were unable to pursue, and it is our opinion that the trial court did not abuse its discretion in denying a continuance.

█ The record shows that upon the case being called for trial defendant's counsel objected "to the defendant having been brought into open Court handcuffed." It does not appear that the court ruled on the objection. There is nothing in the bill of exceptions to show what actually transpired with respect to the defendant having been brought into court in handcuffs, and therefore this ground of error cannot be considered. Cawthorn v. Com., 300 Ky. 641, 189 S.W.2d 970.

█ The defendant contends that the court erroneously overruled the defendant's challenge for cause of a prospective juror who had admitted upon examination that he had a fixed opinion as to the guilt or innocence of the defendant, and by reason of the court's failure to allow a challenge for cause the defendant was required to exercise his last peremptory challenge in order to remove the juror. We have examined the record carefully and find that before reaching the juror in question the defendant had exhausted all of his 15 peremptory challenges. The record shows that the court overruled the defendant's challenge for cause to the juror in question but, for some reason not disclosed by the record, the challenged juror did not serve and another juror was called in his place. Since the challenged juror did not serve, and since the defendant was allowed his full 15 peremptory challenges before the challenged juror was called to the box for examination, the defendant's contention has no merit.

The defendant contends that he was entitled to a peremptory instruction at the close of the Commonwealth's case. The evidence for the Commonwealth was wholly circumstantial. The evidence was that late on a Saturday afternoon, in the city of Mayfield, the defendant rented a taxicab which was driven by the deceased. Later that day the defendant and the deceased were seen together in various places. Around 6 p. m. they were seen in the taxi driving along a country road about a mile and one-half from the point where the deceased's body was found the next day. Later in the evening they were drinking beer in the house of the defendant's brother in Murray. They left the brother's house shortly after dark with the brother in their company, but the brother returned home about one hour later. Early the following afternoon the body of the deceased, with his throat cut, and with a check bearing defendant's name in his pocket, was found lying along the side of a country road in Graves County. That night (Sunday) the taxi was found abandoned in a farmer's driveway in Christian County, and there was proof that the defendant spent that night with a tenant farmer on a farm in Christian County. When found, the taxi had blood on the front seat, on the floorboard and along the fenders and body on the left side. Two days after the body was found the defendant was arrested in the City of Henderson by two city policemen, who found him on a Greyhound bus. At the time of his arrest he had a knife in his

pocket with blood on it, and there was blood on his clothing. He told the arresting officers that he had recently been in Tennessee, where he had been arrested for drunken driving; that he had gone from Tennessee to Missouri, then to Cairo, Illinois, then to Paducah, and was on his way from Paducah to Evansville, Indiana. He denied that he had been in Graves County or near the scene of the murder.

It is clear that the circumstantial evidence was adequate to connect the defendant with the killing. The defendant argues that there was a failure to establish any motive for the killing, but the law is well established that proof of motive is not essential. Kratzwald v. Commonwealth, 299 Ky. 10, 184 S.W.2d 120.

The defendant strongly urges that if he was guilty of any offense, it was only of one of the lesser degrees of homicide, because the necessary element of malice to sustain a conviction of murder was not established. Obviously, where no eyewitnesses testify and the evidence is circumstantial, malice can be established only by the circumstances, and it is the law that malice may be inferred from circumstances. Rose v. Commonwealth, 286 Ky. 53, 149 S.W.2d 772. The killing of a human being with a deadly weapon raises an inference of malice. Shepherd v. Commonwealth, 236 Ky. 290, 33 S.W.2d 4. Where killing with a deadly weapon has been shown, the state is not required to negative the possibility that there were circumstances reducing the homicide below that of murder or excusing it altogether. 26 Am.Jur., "Homicide," section 305, page 361.

After his motion for a peremptory instruction was overruled, the defendant took the stand and testified that he was in the taxi with the deceased on the night in question and that his brother Otis was also in the car; that he (the defendant) went to sleep in the back seat and when he awoke the deceased and Otis were fighting outside the car; that Otis struck the deceased; the deceased then went off down the road, and Otis and the defendant then drove away. The Commonwealth called Otis in rebuttal, and he testified he was in the car with the defendant and the deceased; that he objected to the speed at which the deceased was driving and at his request the car was stopped and he started to walk off down the road; that he heard a struggle between the defendant and the deceased and saw the defendant strike the deceased, following which the deceased ran or walked away down the road; and that Otis and the defendant then drove away in the car. The defendant moved again for a peremptory instruction, which the court denied. The evidence introduced by the defendant in no way weakened the Commonwealth's case and there seems to be no basis upon which it could be argued that the case should not have gone to the jury.

The defendant contends that the court failed to give the whole law of the case in the instructions, because the court failed to instruct the jury regarding the necessity for corroboration of the testimony of Otis Pittman, as an accomplice of the defendant. In view of the fact that Otis was not relied upon to establish the Commonwealth's case in chief, but was merely called in rebuttal, it was not prejudicial error for the court to fail to give the accomplice instruction. Fox v. Commonwealth, 248 Ky. 466, 58 S.W.2d 608.

Finally, defendant complains that the Commonwealth's attorney, in his argument to the jury, made highly inflammatory remarks not supported by the evidence and calculated to arouse the passions of the jurors. Upon reading the argument of the Commonwealth's attorney, we find nothing prejudicial in it.

The judgment is affirmed.