Levi DAVIDSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 7, 1960.

Rehearing Denied Dec. 16, 1960.

Carlos B. Pope, J. B. Campbell, Barbourville, for appellant.

John B. Breckinridge, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

STEWART, Judge.

Levi Davidson was convicted of the offense of wilfully and maliciously shooting at and wounding his wife, Martha Davidson, with the intent to kill. See KRS 435.-170(1). The punishment imposed by the jury was a sentence of two years in the penitentiary.

Davidson has appealed from the judgment entered, urging these two grounds for reversal: (1) The verdict is not sustained by the evidence; and (2) the second instruction given to the jury was erroneous.

Succinctly stated, the evidence shows that the sheriff of Knox County, Paul Stamper, was called to the community of Bailey Switch, where Davidson lived, to investigate a disturbance at the latter's home. On the way to this place Stamper accompanied by a deputy found Martha Davidson walking along the highway some distance from the Davidson house. The sheriff caused her to enter his automobile and then noticed some blood on her legs, and, upon closer examination, he saw wounds on and about her legs which appeared to have been produced by shotgun

pellets. He took her to a hospital for treatment and soon thereafter returned to the home of Davidson where he found him in bed asleep. When the officers arrested him on the charge of which he was convicted, Davidson, according to their testimony, denied having any knowledge concerning the shooting and wounding of his wife. He admitted, however, he had been drinking.

Martha Davidson, testifying reluctantly for the Commonwealth, stated she had left her husband in the house while he was asleep and had been gone for a considerable length of time. She said that when she came back it was dark and "someone" shot at her while she was "around" her husband's automobile near their home. She then left the vicinity of the house and was picked up by the sheriff and his deputy. She further stated that she had not quarreled with him and that he had no cause, if he fired the shot, to shoot her unless he thought she was someone trying to steal or molest his automobile.

It will be recalled Davidson told the sheriff, when this officer took him into custody, that he knew nothing about his wife's being shot at and wounded. At the trial he offered this version of the affair: After taking a drink and going to bed, he had fallen asleep and was in a deep slumber when he was aroused by a noise "out around" his automobile. He got up, obtained his shotgun, went out on the porch, where it was very dark, and saw what appeared to be a "shadow" lurking around the car. He shot once in the general direction of the "shadow" for the purpose of scaring off whoever and whatever it was; and, afterwards, he returned to bed and was asleep when the sheriff came to inform him he was under arrest for shooting and wounding his wife.

His testimony was also to the effect that he did not know his wife had left the house; that he and she had not had any dispute, disagreement or trouble; that he did not know who was near the car at the time; that he had not intended to shoot or

wound any person, and especially his wife; and that the wounding, if any such mishap occurred, was accidental and unintentional.

It is Davidson's contention that the evidence we have recited was not sufficient to warrant submission to the jury of the crime charged in the indictment, or to sustain the verdict rendered. Specifically, he maintains it was not established that he fired the shotgun with an *intent to kill* or that this act was done *maliciously*. The most that was shown, he asserts, was that he may have been guilty of discharging a deadly weapon carelessly and recklessly in violation of KRS 435.200. We cannot go along with this argument.

Whether or not a harmful deed is committed with felonious intent or is impelled by malice can be presumed from the nature and result of the thing done. This presumption rests on the principle that a person may be held to intend the necessary consequence of his or her act. A wilful or evil purpose may be proved by either direct or circumstantial evidence, or such may be established by the very fact of the wrongful deed itself. However, it is within the province of the jury alone to determine whether the injurious act perpetrated was accomplished in a criminal manner. See Rose v. Commonwealth, 286 Ky. 53, 149 S.W.2d 772; Harrison v. Commonwealth, 279 Ky. 510, 131 S.W.2d 454; McDonald v. Commonwealth, 177 Ky. 224, 197 S.W. 665; Ewing v. Commonwealth, 129 Ky. 237, 111 S.W. 352.

In this case the jury took into consideration the fact that Davidson first denied he knew his wife had been shot, as he claimed to be asleep at the time, and then later admitted he had shot at a "shadow" moving around his automobile. The jury no doubt wondered, as do we, why Davidson immediately re-entered the house and went to bed without going out to the automobile to investigate the effects of his shot, because it was the pellets from the shotgun blast, as indicated by his wife's testimony, that struck her, wounding her

about the legs. There can be little if any doubt but that Davidson shot and wounded his wife. The jury also took into consideration the further fact that Martha Davidson was out of the house when she was shot and never went back into it after she was hit by the discharge from the shotgun but, on the contrary, traveled out to the road and thence down it apparently searching for aid and protection from some source outside her home.

The jury could properly conclude from the facts we have just stated that Martha Davidson had been deliberately shot and wounded by her husband at a time when he was attempting to take her life, and that, after being injured in the manner described, she had fled from him in fear and was out in the road waiting for someone to rescue her when the officers came along and picked her up. No doubt the jury also concluded the fright inspired by her husband affected Martha Davidson's testimony at the trial. We cannot say under the circumstances the jury's determination of this case was an incorrect one. The verdict reached by them must stand.

The alleged second error advanced for reversal is that in giving "Instruction No. 2", under KRS 435.200, on the discharge of a deadly weapon in a careless and reckless manner, which is a lesser degree of the offense named in the indictment, the lower court failed to include therein a pertinent portion of the above statute. It is also asserted that the word "malice" was not properly defined in another instruction.

 Davidson is in no position to raise either of these contentions on this appeal for the very good reason that no error as to the instructions was set forth as a ground for granting him a new trial in his motion therefor. Thus, the trial judge was afforded no opportunity to pass upon and determine the issue raised and we are called upon in this appeal to resolve this issue in the first instance. It is a familiar rule that this Court will not consider on appeal matters occurring before a verdict which were not relied upon in the motion for a new trial. See Lair v. Commonwealth, Ky., 330 S.W.2d 938; Philpot v. Commonwealth, Ky., 247 S.W.2d 499; and Burchfield v. Commonwealth, 299 Ky. 549, 186 S.W.2d 412.

Wherefore, the judgment is affirmed.