**Kenneth SIMMONS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 13, 1970.

Kenneth Simmons, pro se.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Kenneth Simmons was found guilty of robbery and his punishment fixed at imprisonment for ten years by a jury's verdict. He appeals from the judgment entered upon the verdict, asserting that (1) the verdict of the jury is not supported by the evidence, and (2) the identification of appellant by the prosecuting witness was had in such "suggestive" circumstances as to amount to a denial of due process.

At about 2 a. m. on August 14, 1969, a man rang the doorbell seeking admittance to the King Motel in Ashland. Ernest Broughton, the night clerk at the motel, answered the bell and spoke to a man who asked for a single room. Broughton admitted the man only to be struck on the head by him. Just then, another man entered the motel and held a pistol against Broughton's

head, threatening to kill him unless he opened the safe.

The two men took some money from the cash drawer and other items of value from Broughton's person. They cut the telephone wires and bound Broughton. However, Broughton was able to free himself promptly and call another motel on a direct line, which had not been severed. Police officers came to the scene within fifteen minutes of the robbery.

Broughton was shown a book of photographs by an Ashland police officer. Without any suggestion from the officer or anyone else, Broughton identified a photograph of the appellant as the man who had first sought admittance to the motel. He did not know appellant, but testified positively that appellant was the man who first entered the motel and struck him on the head. There was no "lineup" identification, and it appears that Broughton did not see appellant from the moment of the crime until the day of trial. At the trial Broughton again positively identified appellant as the culprit, pointing out that appellant's large nose was a distinguishing feature which made appellant "easy to identify."

Although counsel was furnished to appellant, both at trial and for purposes of appeal, the appellant moved the trial court for permission to prepare his own brief on appeal, and he has done so. He correctly notes that the Commonwealth had the burden of proving his guilt beyond a reasonable doubt. But, he incorrectly contends that Broughton's evidence was insufficient to support the jury's verdict. His reliance upon Collins v. Commonwealth, Ky., 295 S.W.2d 797; Brown v. Commonwealth, Ky., 340 S.W.2d 471; Fugate v. Commonwealth, Ky., 445 S.W.2d 675; and cases of similar import is misplaced. Here there was direct testimony from Broughton pointing to appellant's guilt. Appellant's unsupported evidence of alibi was not so strong as to destroy the probative value of Broughton's evidence. The issue of identity was properly one for resolution by the jury.

Appellant undertakes to bring this case within the ambit of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. For the same reasons which obtained in Wickware v. Commonwealth, Ky., 444 S.W.2d 272, the principles of those decisions are not applicable here. The police authorities made no suggestion as to identification. There was no pretrial lineup, nor anything whatever, to suggest that Broughton's in-court identification was "tainted" in any manner by any illegal or improper activity.

The judgment is affirmed.

All concur.