James E. MOORE and L. Lee
Moore, Appellants,

v.

COURTESY CHEVROLET,
INC., Respondent.

No. WD 46270.

Missouri Court of Appeals,
Western District.

May 4, 1993.

Joseph A. Hamilton, Pleasant Hill, for appellants.

Clyde G. Meise, Kansas City, for respondent.

Before KENNEDY, P.J., and BERREY and SPINDEN, JJ.

KENNEDY, Presiding Judge.

Plaintiffs, in a case for damages for fraudulent misrepresentation by defendant, appeal from the judgment in plaintiffs' favor in the amount of $3,000.00. Plaintiffs' complaint on appeal is that the trial court declined to submit the issue of punitive damages.

Plaintiffs on October 27, 1987 bought a near-new Cadillac automobile from defendant. The evidence favorable to the punitive damages submission was that defendant's salesman and its new car manager represented to plaintiffs that the Cadillac, which had 6,612 miles on it, was a "factory executive" car and had been driven by a "top GM executive." They further represented to plaintiffs that the gold ornaments and trim on the car had been installed at the factory.

The true facts were that the automobile had been purchased by defendant at an automobile auction, and it was a "program" car. It had been in use as a rental automobile. This fact was known to the defendant.

Furthermore, the "gold package" had not been installed at the factory, as represented to the plaintiffs, but had been installed by defendant after the car had been purchased at the automobile auction.

Months after the purchase of the car, plaintiffs learned that the facts about the car had been misrepresented to them. They filed suit against defendant for damages. The car never gave plaintiffs any trouble, and they have never claimed it was not a good car.

Plaintiffs testified they would not have bought the car if they had known it had been a rental car. The difference in the actual value of the car and its value as represented, they testified, was $6,000 or $7,000. The agreed price was $27,072, and defendant had allowed them $9,773 on a trade-in 1979 Cadillac worth from $1,800 to $5,000.

The case was submitted on a verdict-directing instruction following MAI 23.05 Verdict Directing—Fraudulent Misrepresentations. The court, however, declined to give plaintiffs' tendered punitive damages instruction.

The jury found for plaintiffs and assessed damages of $3,000. Defendant has not appealed the verdict and the ensuing judgment, so we do not have before us any question relating to the judgment against defendant for actual damages.

We are unable to say as a matter of law that punitive damages should not have been submitted. Taking the evidence tend-

ing to support punitive damages, and disregarding any evidence opposing punitive damages, the jury could have believed that defendant intentionally misrepresented the history of the automobile; that the misrepresentation was a material misrepresentation; that the defendant made the misrepresentation with the purpose of inducing the unsuspecting plaintiffs to buy the automobile and pay an excessive price. The jury could have inferred "defendant's evil motive or reckless indifference to the rights of (plaintiffs)," and on that basis could have considered defendant's conduct "outrageous." MAI 10.01 [1990 Revision] Damages—Exemplary—Outrageous Conduct—Intentional Torts. *Burnett v. Griffith*, 769 S.W.2d 780, 789 (Mo. banc 1989).

Defendant, in its argument against the submissibility of punitive damages, cites defendant's evidence, which was in sharp conflict with plaintiffs'. Its argument is "couched in terms of evidence that the jury chose not to believe." *Burnett v. Griffith*, 769 S.W.2d at 790.

Judgment reversed insofar as punitive damages issue was withheld from jury, and cause remanded for new trial on the issue of punitive damages only. As noted, the judgment against defendant for actual damages has not been appealed and is undisturbed by this opinion.

All concur.