## Lawson v. Commonwealth.

February 22, 1949.

Lewis & Weaver for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Reversing.

Appellant, Shelly Lawson, was convicted of maliciously cutting and wounding Gordon Acton with intent to kill, and his punishment was fixed at confinement in the pententiary for two years. He seeks to reverse the judgment upon two grounds: (a) That the trial court erred in instructing the jury; and (b) that the verdict is flagrantly against the evidence.

Lawson and Acton were engaged in a dice game at the home of Richard Konister when an argument arose between them as to whether Lawson had won a $2 bet from Acton. Thereupon, Lawson gave Acton back his $2, left Konister's house and went out in the yard with Arvil Lee Seeley. Some five or ten minutes later Acton, accompanied by his two brothers-in-law, Elmer and Oscar Tuttle, came out in the yard and the argument was resumed between the two men over the $2. The evidence is conflicting as to whether Lawson or Acton started the argument in the yard and as to whether Acton first struck at or grabbed Lawson or whether the latter attacked Acton. But all the witnesses agree that Acton pulled off his coat and offered to fight Lawson "fair." The latter replied that he would not fight "fair" but had an open knife in his pocket.

Lawson testified that when Acton came out in the yard with his two brothers-in-law and pulled off his coat and said something about a fair fight, the men were gathered close around him and he did not know their intention, and "I told him I would not fight fair, that I had a knife and that they had better leave me alone." About that time Acton struck at him, then grabbed him and while they were scuffling somebody grabbed him in the back and he cut Acton.

Lawson complains in his motion for a new trial and in his bill of exceptions that the court erred in not giving a self-defense instruction. The theory of the Common-

wealth is that Lawson was the aggressor in the fight, or else entered into a mutual combat with Acton, thereby depriving himself of the right to a self-defense instruction.

From the above brief review of the evidence it is patent that it does not show conclusively that Lawson was the aggressor or that he entered into mutual combat with Acton. The evidence is in direct conflict as to who was the aggressor and certainly it does not show that Lawson willingly agreed to fight Acton. Under the evidence presented here, the trial court erred in not giving Lawson the benefit of the self-defense instruction. Gray v. Com., 247 Ky. 282, 57 S.W.2d 6. The accused is never deprived of his right of self-defense unless the evidence establishes beyond a reasonable doubt that he provoked the difficulty or mutually entered into the fight. Even then, there should be an instruction explaining to the jury just how or by what means the accused provoked or brought on the difficulty. Com. v. Hoskins, 18 Ky.Law Rep. 59, 35 S.W. 284; Howard v. Com., 230 Ky. 738, 20 S.W.2d 748.

Appellant further complains that as he and his victim had been good friends up to the time of the fight and as there was no evidence of malice, but on the contrary the proof showed the affray happened in sudden heat of passion, there should be no instruction on malicious cutting. There is no merit in this contention. It is sufficient if malice existed at the time of the offense and it may instantly form in the mind of the accused at the time he acts. Elliott v. Com., 290 Ky. 502, 161 S.W.2d 633. Nor is it necessary to show malice by direct evidence—it may be inferred from the acts of the accused in the commission of the offense. Fitzpatrick v. Com., 245 Ky. 108, 53, S.W.2d 221; Jordan v. Com., 260 Ky. 11, 83 S.W.2d 855; Harrison v. Com., 279 Ky. 510, 131 S.W.2d 454.

The next complaint is the court failed to define such terms used in the instructions as "maliciously," "wilful" and "sudden heat of passion." It is the duty of the court in a criminal trial to instruct on the whole law of the case and to include, when necessary or proper, definitions of technical terms used. But failure to define "felonious," "malicious" and "wilful" is not reversible error. Stanley's Instruction to Juries, Sec. 769,

p. 1036; Collier v. Com., 160 Ky. 338, 169 S.W. 740; Hale v. Com., 267 Ky. 375, 102 S.W.2d 330.

While the evidence is in direct conflict as to which of the parties was the aggressor, it is obvious from the brief resume of the proof in the forepart of this opinion that there is not sufficient force in appellant's argument that the verdict is flagrantly against the evidence to warrant a discussion of the subject.

The judgment is reversed for proceedings consistent with this opinion.