**William MEDLEY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 13, 1970.

W. Earl Dean, Jr., Dean, Dean & Dean, Harrodsburg, for appellant.

John B. Breckinridge, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Chief Justice.

Confronted with the imposition of a $50 fine and a six-months jail sentence on his trial for malicious cutting and wounding (KRS 435.170), appellant wants, by this appeal to reverse the judgment of conviction on the four following grounds: (1) failure to give a self-defense instruction; (2) failure to give an instruction on defense of habitation; (3) failure to give a reasonable doubt instruction; and (4) refusal of the trial court to define "sudden affray."

We reverse the judgment of conviction for failure to give proper self-defense and reasonable doubt instructions.

Appellant and his wife's brother, Fred Drury, and their wives planned a fishing trip, but a heavy rain thwarted their good and wholesome intentions—so they turned to drinking as a substitute. Upon their returning to appellant's home, an argument and a fight started between appellant and his brother-in-law. The evidence is conflicting as to who the aggressor was, but it is pretty well settled that appellant was getting a good whipping when, after a brief pause in the fight, appellant moved in with a butcher knife and seriously cut his brother-in-law. Appellant confessed to the cutting but stoutly argued it was done in self-defense.

■ The only mention of self-defense appears in instruction one, which defined the felonious crime of malicious cutting and wounding with intent to kill. But appellant was not convicted under the first instruction. He was convicted under instruction two (a misdemeanor)—cutting and wounding in sudden affray. Nowhere in the second instruction is self-defense mentioned. Nor was a separate instruction given on self-defense. This was clearly erroneous. See Lawson v. Commonwealth, Ky., 309 Ky. 458, 218 S.W.2d 41 (1949); and Himes v. Commonwealth, Ky., 350 S.W. 2d 637 (1961).

■ The facts did not require an instruction on "defense of habitation" or home and family.

■ The only instruction touching the law of reasonable doubt is contained in instruction three, which is quoted:

"If you find from the evidence beyond a reasonable doubt that the defendant, William Medley, is guilty as charged, but have doubt whether he is guilty of the offense charged in Instruction No. 1, or No. 2, then you will find him guilty of the lesser offense.

"It takes all twelve jurors to make a verdict."

It is noted the jury was not given a separate instruction on reasonable doubt.

If upon another trial the facts developed are substantially the same as on the first trial, an instruction like or similar to § 957 of Stanley's Instructions to Juries, volume 3, should be given.

■ Appellant finally insists that the phrase "sudden affray" in the instructions should have been defined. We think the giving of such a definition was permissible but not necessary. For a definition see Pack v. Commonwealth, 282 Ky. 835, 140 S.W.2d 626.

The judgment is reversed for proceedings consistent with this opinion.

MILLIKEN, NEIKIRK, PALMORE, STEINFELD and REED, JJ., concur.

OSBORNE, J., not sitting.