**Joseph M. BLAINE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 8, 1970.

Rehearing Denied Dec. 18, 1970.

Robert S. Miller, Miller, Griffin & Marks, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Appellant, who is the president of a drug company which sells prescription pharmaceuticals to wholesale firms, was convicted of performing an abortion, an offense denounced by KRS 436.020, and his punishment fixed at two years' imprisonment. He appeals, asserting several grounds for reversal of his conviction.

The first ground of error relates to the rebuttal testimony of Paul Hanna who testified in behalf of the Commonwealth. Appellant had testified that he had never discussed with Paul Hanna the use of intrauterine contraceptive devices as a means of causing an abortion, nor had he any knowledge of or familiarity with contraceptive devices. Paul Hanna contradicted appellant in this respect. Hanna stated that, prior to the time appellant allegedly performed the abortion in question, appellant showed him a "device that he [appellant] said helped him in abortions." Appellant contends that Hanna's testimony was inadmissible because it tended to show that appellant had committed other abortions.

■ Hanna's evidence was competent because appellant had denied that he had participated in performing the subject abortion and, consequently, the testimony showing that appellant kept an instrument frequently used in performing abortions was both relevant and material to the issue of his guilt. In 22A C.J.S. Criminal Law, § 691(2), p. 796, the question raised by appellant is discussed as follows:

"Evidence of other acts of abortion is also admissible for the purpose of showing guilty knowledge by accused, a state of mind or course of conduct by him over a period of time, motive, identity,

* * * that accused had the means for committing the crime charged and knowledge as to their use and preparation to commit the act charged. * * *. According to the view expressed in some cases intent is always an element of the crime which must be proved so that evidence of other abortions is always relevant, competent and material, and it is not necessary in order for such proof to be admissible that accused admit the commission of the act and claim that it was necessary for the preservation of the life of the patient; but it is admissible even though accused has denied that he did the act resulting in the abortion, or that any illegal operation has been performed, or has relied on a general denial rather than a plea of justification. * * *.

"Evidence of other abortions is also admissible to show scheme, plan or design, such as a general design or practice of criminal abortions on the part of the accused, which may appear from the commission of a series of such acts. * * *."

We hold that the testimony of Hanna was proper substantive evidence. This testimony is especially pertinent since appellant had denied that he knew anything about contraceptive devices as a means of causing an abortion or that he had ever discussed with Hanna the subject of contraceptive devices used in performing abortions. Cf. Howard v. Commonwealth, Ky., 447 S.W.2d 611.

Appellant next contends that the trial court erred in instructing the jury that it could find him guilty if it believed beyond a reasonable doubt that he

"* * * did administer to the prosecuting witness, having reason to believe her to be pregnant and during the period of gestation, a medicine, drug or other substance or used an instrument with the intent to procure the miscarriage of the prosecuting witness. * * *."

Appellant contends that there is no evidence that he, or anyone acting with him, administered "medicine, drug or other substance," to the prosecuting witness upon whom the abortion was performed. This contention is correct. The only testimony concerning how the abortion was performed was that of the prosecuting witness who testified that appellant inserted in her privates an intrauterine contraceptive device which she endured until she became violently ill. The physician who attended her at the time she aborted opined that the miscarriage was caused by the instrument being inserted within her.

■ The instructions should only present the law applicable to the particular facts proven and no theory of the case unsupported by the evidence should be mentioned. Hammershoy v. Commonwealth, Ky., 408 S.W.2d 624; Perry v. Commonwealth, 295 Ky. 317, 174 S.W.2d 422; Sewell v. Commonwealth, 284 Ky. 183, 144 S.W.2d 223; also see Stanley's Instructions to Juries, Volume 3, Chapter 87, Section 776, page 11.

■ The evidence was amply sufficient to submit the case to the jury under an instruction to find appellant guilty if the jury believed beyond a reasonable doubt that he used an intrauterine contraceptive instrument on the prosecuting witness with the intent to cause a miscarriage. However, we hold that it was prejudicial error to give an instruction authorizing appellant's conviction if the jury believed that he gave the prosecuting witness "medicine, drug or other substance" to abort her when there was no evidence to support it.

In the event of a retrial of the case, if the evidence is substantially the same on the new trial as it was on this trial, the trial court will delete from the instruction (number 1) given on the instant trial the reference to "medicine, drug or other substance."

Under this conclusion we do not reach the other issues raised on the appeal and they are specifically reserved.

The judgment is reversed with directions to grant appellant a new trial.

EDWARD P. HILL, Jr., C. J., and MILLIKEN, PALMORE and STEINFELD, JJ., concur.