Evoyd HARRIS, Movant,

v.

COMMONWEALTH of Kentucky, Respondent.

Supreme Court of Kentucky.

March 20, 1979.

Terrence R. Fitzgerald, Deputy Public Defender, Daniel T. Goyette, Jefferson District Public Defender, Louisville, for movant.

Robert F. Stephens, Atty. Gen., Victor Fox, Joseph R. Johnson, Asst. Attys. Gen., Frankfort, for respondent.

CLAYTON, Justice.

Evoyd Harris was convicted upon two counts of trafficking in heroin, a controlled substance, and sentenced to consecutive prison terms totaling 10 years. The Court of Appeals affirmed the judgment of the Jefferson Circuit Court. Discretionary review was granted by this court to interpret KRS 218A.220, which exempts certain persons from prosecution under Chapter 218A for drug offenses.

■ On August 25, 1976, movant was approached by Pat McDonald, an undercover narcotics detective, and Calvin Guy, a paid informant. McDonald, denying that he was a police officer, identified himself as an addict and asked movant to procure some heroin for him. Movant obtained heroin for McDonald from an unknown seller on two separate occasions.

KRS 218A.220 reads in relevant part:

The provisions of this chapter shall not apply to . . . public officers or their employes in the performance of their official duties requiring possession or control of controlled substances; or to temporary incidental possession by employes or agents of persons lawfully entitled to possession, or by persons whose possession is for the purpose of aiding public officers in performing their official duties.

The statute thus provides a defense to temporary incidental possession of controlled substances to two classes of persons: (1) employes or agents of persons lawfully entitled to possession, and (2) persons whose possession is for the purpose of aiding public officers in performing their official duties. Movant argues that he was acting as an agent for McDonald and as such falls under the first exemption, thereby entitling him to a directed verdict of acquittal. Movant urges this court to adopt the position that under the first exemption the agent need not be aware that his principal is a police officer. We decline to adopt movant's argument, and hold that an "agent" within the meaning of KRS 218A.220 must have knowledge that the person for whom he is acting is a police officer.

■ We agree with the Court of Appeals that in this case movant was unsure of McDonald's status as an undercover detective. Movant was therefore not an agent under KRS 218A.220 and not entitled to a directed verdict. The agency theory being unsupported by the evidence, it follows that the trial court did not err in refusing movant's agency instruction. *Blaine v. Commonwealth*, Ky., 459 S.W.2d 759, 760 (1970).

The decision of the Court of Appeals and the judgment of the Jefferson Circuit Court are affirmed.

All concur.