Terry L. BARBOUR, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 90–SC–849–MR.

Supreme Court of Kentucky.

Feb. 13, 1992.

Gene Lewter, Lexington, for appellant.

Chris Gorman, Atty. Gen., Gregory C. Fuchs, Mitchell L. Perry, Asst. Attys. Gen., Frankfort, for appellee.

REYNOLDS, Justice.

The appellant was convicted of wanton murder and sentenced to confinement for a period of 30 years.

The principal question on appeal is whether a wanton murder instruction should have been given.

Appellant and the victim (Palmer) had a verbal encounter near a downtown Lexington bar which developed into a physical altercation. Appellant drew a knife which he stated was for self-protection. He emphasized that he only intended to stick the victim and did not intend to kill him.

The trial court instructed on a full range of homicide offenses: murder, both intentional and wanton; first and second degree manslaughter; and reckless homicide. The jury was also instructed on the defense of self-protection. The placement of the self-protection instruction within the framework of the murder instruction was not itself a model of clarity.

Irrespective of appellant's testimony, it is now raised in his appeal that there was no evidence of wanton conduct on his part, that such evidence disclosed he intentionally stabbed the victim, and that only an instruction for intentional murder or for a lesser degree of homicide should have been given and that an instruction for wanton murder should have been excluded.

KRS 501.010 establishes culpable mental states, including intentionally and wantonly, which are defined as follows:

(1) "Intentionally"—A person acts intentionally with respect to a result or to conduct described by a statute defining an offense when his conscious objective

is to cause that result or to engage in that conduct.

.　　.　　.　　.　　.

(3) "Wantonly"—A person acts wantonly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts wantonly with respect thereto.

■ With respect to criminal homicide, a person may be guilty of murder when, with the intent to cause the death of another person, he causes the death of such person, or when under circumstances manifesting extreme indifference to human life, he wantonly engages in conduct which creates a grave risk of death to another person and thereby causes the death of another person. KRS 507.020. A person may be guilty of manslaughter in the second degree when he wantonly causes the death of another person. KRS 507.040. A homicide caused by wanton conduct may be, at the very least, manslaughter in the second degree. If a jury finds, in addition to a defendant's wanton conduct which has caused the death of another person, that the circumstances surrounding his conduct manifest an extreme indifference to human life, then the offense is elevated to wanton murder. If, in addition to wanton conduct and circumstances of extreme indifference to human life, a jury determines that a defendant intended to cause death, then the offense may be determined to be intentional murder.

■ The court's duty in a criminal prosecution is to instruct the jury on the whole law of the case. *See, e.g., Lawson v. Commonwealth,* 309 Ky. 458, 218 S.W.2d 41 (1949). The jury is to be instructed on every state of the case deducible from and supported by the evidence presented.

*Commonwealth v. Duke,* Ky., 750 S.W.2d 432 (1988). The instructions, however, must follow the evidence actually presented and no theory of the case unsupported by the evidence is entitled to an instruction. *Butler v. Commonwealth,* Ky., 560 S.W.2d 814 (1978); *Pilon v. Commonwealth,* Ky., 544 S.W.2d 228 (1976); *Blaine v. Commonwealth,* Ky., 459 S.W.2d 759 (1970).

■ This court recognizes that it is improper to instruct as to intentional murder and as to wanton murder when all of the evidence indicates that the defendant's conduct was either intentional or wanton to the exclusion of the other culpable state of murder. *Smith v. Commonwealth,* Ky., 737 S.W.2d 683 (1987); *Gray v. Commonwealth,* Ky., 695 S.W.2d 860 (1985); *Baker v. Commonwealth,* Ky., 677 S.W.2d 876 (1984); *Hayes v. Commonwealth,* Ky., 625 S.W.2d 583 (1981). An instruction of an alternative nature is proper only when either theory (intentional/wanton) is reasonably supported by the evidence. *Hayes v. Commonwealth, supra.*

Different factors are presented in this case. The defendant claims he intentionally only intended to stick his victim in a perceived need for self-defense/self-protection. In *Commonwealth v. Rose,* Ky., 725 S.W.2d 588 (1987), we held that, where a defendant intentionally shoots his victim under a perceived need for self-protection, but under circumstances indicating a wanton state of mind and a wanton belief that his action is justified, jury instructions on either view, self-defense as to the intentional act or wantonness (Manslaughter II), should be submitted to the jury. It was noted there that the Penal Code was intended to provide Manslaughter II as a lesser homicide offense to murder to punish an unjustified killing under circumstances indicating a diminished culpability on the part of the perpetrator.

■ In the later case of *Shannon v. Commonwealth,* Ky., 767 S.W.2d 548 (1988), it was concluded that since an act cannot be classified as both intentional and wanton at the same time, self-protection is not available to a defendant as a defense to

·wanton murder or second-degree manslaughter (a wanton crime). Thus, when a defendant intentionally kills in a perceived need for self-defense but the evidence shows that his belief in the need for self-defense was unreasonable and erroneous, the jury could not properly convict defendant of wanton murder, but could convict him of second-degree manslaughter.

■ *Rose* and *Shannon* are not to be read as holding that alternative type of instructions on wanton and intentional murder can never be given even when either theory is reasonably supported by the evidence as in this case. Nor can they be read to declare that the jury cannot be instructed on the alternative of wanton murder any time the defendant claims self-protection as a defense, even when such defense is lacking in evidentiary support. We can conclude from these cases, that even though a defendant asserts the defense of self-protection, when the evidence fails to sufficiently demonstrate that he did in fact possess at least a subjective belief in the need for self-defense, the jury can be properly instructed on the alternative of wanton murder along with intentional murder.

■ Some facts are not undisputed concerning the verbal exchange between the two parties. A scuffle between the parties ensued. Appellant's version varied from that of witnesses who stated that when the victim commenced to walk away from the scene, appellant then overtook him and grabbed the victim from behind while inflicting a stab wound to the chest. The evidence, when considered as a whole, presented a clear possibility that a jury could find appellant did not have an honest belief or even an erroneous subjective belief in a need for self-protection. According to the facts herein, a jury may have reasonably concluded that appellant possessed no belief in the need for self-defense and that even under *Rose/Shannon*, it still may be determined that the trial court did not commit error by instructing on wanton murder.

Also from this evidence the jury could have reasonably believed from appellant's testimony that by sticking the victim, Palm-er, he did not intend to kill him, but that his conduct disclosed a mental state of wantonness manifesting an extreme indifference to human life. It is also reasonable to infer from the act of sticking the victim in the chest that appellant intended to kill him, but it is just as reasonable to infer (as appellant testified) that he did not intend to cause the victim's death. Such inference is factually supported by appellant's testimony that when he withdrew the knife from his pocket, that he did so only to scare Palmer. We reason, based upon this record, that a juror could have reasonably found that appellant's conduct was so wanton as to manifest an extreme indifference to human life. *Nichols v. Commonwealth*, Ky., 657 S.W.2d 932 (1983). The trial court did not err by instructing the jury on wanton murder.

■ The appellant specifically requested a Manslaughter II (wanton) instruction, but requested that an instruction on wanton murder not be given. It was stated simply that appellant's conduct did not fit within the definition of "wantonly."

While not clearly raised, the trial court did err by making the defense of self-protection available to the wanton murder instruction. Self-protection is unavailable as a defense to wanton conduct as *Shannon v. Commonwealth, supra,* clearly provides that a self-protection instruction is unavailable as a defense to wanton conduct. While it was error to give such an instruction, it redounded to the benefit rather than to the detriment of appellant. Thus, under the instructions as given, and before a jury could convict appellant of wanton murder, it was necessary to find Barbour not only guilty of wanton murder, i.e. that he engaged in wanton conduct which caused the death of the victim under circumstances manifesting extreme indifference to human life, but additionally that appellant was not privileged to act in self-protection.

Such error weighed to appellant's benefit and is, therefore, not a proper ground for reversal. *Hopper v. Commonwealth*, Ky., 371 S.W.2d 646 (1963).

The judgment is affirmed.

COMBS, LAMBERT, SPAIN and WINTERSHEIMER, JJ., concur.

LEIBSON, J., dissents by separate opinion, in which STEPHENS, C.J., joins.

LEIBSON, Justice, dissenting.

Respectfully, I dissent. Over the defense counsel's objection, the trial court erred by instructing the jury on wanton murder, and the jury convicted appellant of this offense.

There is an old saying that applies here: "Hard cases make bad law." This is one of those cases where there was substantial error, but the result seems right and we have written around the error. Unfortunately, as a published opinion, this case make "bad law."

The uncontradicted evidence in this case was that the appellant intentionally stabbed the victim. The only issue was whether this was done in self-defense. In these circumstances the trial court erred in instructing the jury, over the objection of the appellant's counsel, that it could find the defendant guilty of either intentional murder or wanton murder. The definitive explanation of the law applicable in these circumstances is in *Shannon v. Commonwealth*, Ky., 767 S.W.2d 548 (1988), which is cited as controlling authority in the Majority Opinion, but its message disregarded. *Shannon* states:

"There is no place in the structure of the Penal Code for an instruction to find the defendant guilty of wanton murder if the accused acted from an erroneous belief in the need for self-defense. The fact situation calls for an instruction on intentional murder qualified by self-defense. If the belief in the need for self-defense was justified, it is a complete defense. If it is *not* justified, then the accused can properly be convicted of a lesser included offense, either Manslaughter II or Reckless Homicide, depending on the jury's conclusion regarding the accused's state of mind." *Id.* at 552.

The fact that the appellant testified that he intended only to "stick" the victim, and

not to kill him, does not change the situation one iota.

"Intentionally—A person acts intentionally with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause that result *or to engage in that conduct.*" KRS 501.020(1). [Emphasis added.]

When one intentionally stabs another person in the chest with a knife, it is an intentional act and not a wanton act, and whether the assailant realized, appreciated or intended that death would result does not change the nature of the act from intentional to wanton, nor does it justify a conviction for wanton murder.

If the jury believed the appellant did not intend to cause the death of the victim, but only intended serious physical injury, the criminal homicide involved is *not* wanton murder, but first-degree manslaughter. This much is clearly specified in KRS 507.-030(1)(a). The court instructed, as well it should have, on the lesser included offense of first-degree manslaughter, but the jury never reached a consideration of this issue because of the erroneous instruction on wanton murder.

In *Gray v. Commonwealth*, Ky., 695 S.W.2d 860 (1985), we recognized the principle that where there is no evidence that the accused's actions are anything but intentional, it is improper to instruct on anything but intentional crimes, and, therefore, an instruction on wanton murder was reversible error. *Shannon v. Commonwealth, supra*, overruled so much of *Gray* as failed to recognize the exception to this rule in those situations where the jury finds the defendant honestly believed he needed to act in self-defense, but his belief was wanton or reckless, thus qualifying his criminal act as Manslaughter II or Reckless Homicide. But the *Shannon* case, as well as the *Gray* case, embraces the principle that an instruction on both intentional murder and wanton murder in a case where the only explanation offered for striking the blow is self-defense, is error, and, if objected to, is reversible error.

The problem here is that the appellant has been erroneously convicted of wanton murder when there is overwhelming evidence that would have justified convicting him of intentional murder. Both crimes carry the same penalty, and it is difficult to afford the appellant relief based on what some may view as a technicality.

But "due process" is the prerogative of the guilty as well as the innocent. The appellant is completely justified in his argument that proper instructions in this case should *not* have included wanton murder. Instead, the murder instruction should have been limited to intentional murder qualified by self-defense, with the further instruction that should the jury believe the defendant acted in an honest belief in the need for self-defense, but he was wanton in his belief that it was necessary to so act, he should be convicted of wanton manslaughter (Manslaughter II).

It may well be, had the proper instructions been given, appellant would have been convicted of intentional murder. Indeed, if we should reverse and remand, as I believe proper, in my opinion he may still be tried for intentional murder because he was not acquitted of it by the jury's verdict. The form of verdict utilized by the jury only went so far as to request the jury, if it convicted the defendant under the murder instruction, to specify "under which [alternative] you find the defendant guilty." Having utilized wanton murder in completing the verdict form, the jury did not specify whether the alternative, intentional murder, was even considered, much less rejected.

The instructions given in this case were contrary to the Penal Code, were contrary to the explanation of Penal Code in *Shannon v. Commonwealth, supra,* and were prejudicial error.

We should reverse and remand for a new trial.

STEPHENS, C.J., joins.