COMMONWEALTH of Kentucky,
Appellant,

v.

Gary RUNION, Appellee.

No. 92–CA–002369–MR.

Court of Appeals of Kentucky.

Dec. 17, 1993.

Discretionary Review Denied by
Supreme Court May 18, 1994.

Chris Gorman, Atty. Gen., Sharon Kay Hilborn, Asst. Atty. Gen., Frankfort, B. Robert Stivers, Manchester, Franklin A. Stivers, London, for appellant.

Rickey D. Bailey, Manchester, for appellee.

Before JOHNSON, JOHNSTONE and MILLER, JJ.

## OPINION

JOHNSON, Judge:

The Commonwealth appeals from an order, entered by the Clay Circuit Court on September 14, 1992, granting Gary Runion's motion for judgment notwithstanding the verdict. After reviewing the record, we are of the opinion that the trial court erred in its conclusion that the Commonwealth failed to prove reckless homicide beyond a reasonable doubt. Therefore, we reverse the circuit court's entry of judgment notwithstanding the verdict and reinstate the jury's verdict.

On October 9, 1989, Gary Runion and Mrs. Loretta Day (Mrs. Day) were driving their vehicles in the northbound direction on Kentucky Highway 11, in Manchester, Kentucky. While traveling in that direction, Runion attempted to pass Mrs. Day's Chevette in the southbound, legal passing lane. As the two vehicles approached Laurel Creek School, Mrs. Day tried to make a left-hand turn onto the school grounds. When she pulled into the southbound lane, Runion slammed on his car hauler's brakes, leaving an 85–foot skid mark, but was unable to stop his hauler in time. The two vehicles collided in the southbound lane. Upon impact, the two vehicles travelled an additional 48 feet into a ditch, and then an additional 64 feet across the grass before stopping. When they came to rest, Runion's car hauler was lying on top of Mrs. Day's Chevette. This tragic accident resulted in Mrs. Day's death as well as serious injury to her daughter, Margaret Ann Day.

Kentucky State Trooper Joe Newton responded to the accident scene. Runion told Trooper Newton that Mrs. Day made a turn to the left in front of him and he could not stop in time. During this conversation, Trooper Newton suspected that Runion had been drinking alcoholic beverages. He noticed that Runion was rapidly chewing gum; his speech was slurred and his eyes were blood shot.

A full, unopened can of beer was found in Runion's vehicle. Clay County Sheriff Harold Sizemore also linked a Budweiser box with three unopened beers and a shot gun, found nearby, with Runion.

Approximately thirty minutes after first speaking with Runion, Trooper Newton resumed their conversation in the presence of Sheriff Sizemore. During their dialogue, Runion admitted that he had been drinking and was arrested.

On November 2, 1989, the Clay County grand jury indicted Gary Runion for the murder of Loretta Day pursuant to Kentucky Revised Statutes (KRS) 507.020, and assault in the first degree of Margaret Ann Day pursuant to KRS 508.010. Later that afternoon, Runion waived formal arraignment and entered a plea of not guilty. He was released on a $100,000.00 bond.

The circuit judge for Clay County recused himself. On December 14, 1990, he entered an order certifying the need for a special judge assignment. After being scheduled several times, Runion's trial was ultimately held on July 27, 28 and 29, 1992.

At the close of the evidence, the jury was instructed on murder, second-degree manslaughter and reckless homicide with regard to Loretta Day. The jury was also instructed on assault in the first degree, assault in the second degree and assault in the fourth degree with regard to Margaret Ann Day. Subsequently, the jury returned a verdict finding Runion guilty of reckless homicide and not guilty of any degree of assault. Upon being instructed to set Runion's sentence between one and five years; the jury recommended a one-year sentence be imposed.

On July 30, 1992, Runion filed a timely motion pursuant to Kentucky Rules of Criminal Procedure (RCr) 10.24 for a judgment notwithstanding the verdict. He argued that the trial court erred by failing to grant his motions for a directed verdict. In support of

this contention, he argued that the Commonwealth failed to prove the elements of reckless homicide beyond a reasonable doubt and that the case should not have been submitted to the jury.

On July 31, 1992, Runion filed an additional motion for a judgment notwithstanding the verdict pursuant to RCr 10.24. Runion argued that the jury found him "not guilty of *any* degree of assault. Therefore they found he was not reckless in his operation of his motor vehicle."[1]

On September 14, 1992, the Clay Circuit Court entered a judgment notwithstanding the verdict in favor of Runion. The special judge for the Clay Circuit Court concluded:

> Based upon the facts produced at trial by both the Commonwealth and the defense, the Court can find no basis upon which a jury could conclude that the defendant acted recklessly in any regard in the automobile accident. It appears to the Court that the causation creating this accident was Mrs. Day turning left in front of Mr. Runion as he was passing in a legal passing zone. This court fails to find a factual foundation upon which any criminal offense of which Mr. Runion was charged could be sustained.

In addition, the trial court found the inconsistent verdicts tendered by the jury to be persuasive in its decision to grant Runion's motion. The jury did not convict Runion of any degree of assault against Margaret Ann Day; but found him guilty of reckless conduct, for the same act, against Mrs. Day. Consequently, the trial court found this inconsistency to be compelling when it entered judgment notwithstanding the verdict in favor of Runion. The Commonwealth's appeal followed.

■ As a preliminary matter, the Commonwealth correctly asserts that the trial court's entry of judgment notwithstanding the verdict is subject to appellate review. In *Commonwealth v. Brindley,* Ky., 724 S.W.2d 214 (1987), the Kentucky Supreme Court recognized the state's right to appeal from a post-conviction proceeding which overturns a conviction. The Court specifically held that the prosecution's appeal from a post-conviction motion does not constitute double jeopardy in violation of Section 115 of the Kentucky Constitution. *Id.* at 216. Moreover, the *Brindley* court overruled existing case law to the contrary. *Id., overruling Commonwealth v. Burris,* Ky., 590 S.W.2d 878 (1979).

In support of its appeal, the Commonwealth maintains that the trial court abused its discretion and invaded the province of the jury by reversing its verdict and entering a judgment notwithstanding the verdict. In *Commonwealth v. Benham,* Ky., 816 S.W.2d 186 (1991), our Supreme Court re-stated the long-standing rule as follows:

> On motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. For the purpose of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserving to the jury questions as to the credibility and weight to be given to such testimony.
>
> On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal. *Sawhill.* (*Commonwealth v. Sawhill,* Ky., 660 S.W.2d 3 (1983)).

816 S.W.2d at 187.

■ The Commonwealth has the burden of proving every element of its case beyond a reasonable doubt. KRS 500.070. Where the prosecution has failed to meet this burden, a judgment notwithstanding the verdict will not be disturbed on appeal. *Commonwealth v. Pevely,* Ky.App., 759 S.W.2d 822, 824 (1988). Furthermore, the prosecution's failure to produce sufficient evidence precludes further prosecution under the double jeopardy clause. *Perkins v. Commonwealth,* Ky.

---

1. From the record, it does not appear that the Commonwealth filed a response to Runion's motion; although a hearing was held on September 3, 1992.

App., 694 S.W.2d 721, 722 (1985), *citing Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

In the case at bar, the Commonwealth argues that its case in chief provided sufficient evidence to sustain Runion's conviction for reckless homicide. Specifically, the Commonwealth maintains that the trial court erred by reversing Runion's conviction and dismissing the charges against him.

As noted in *Hamilton v. Commonwealth,* Ky., 560 S.W.2d 539 (1978), in order to obtain a reckless homicide conviction, the Commonwealth must produce evidence that the death-causing conduct resulted from "a great deviation from the standard of reasonable behavior." *Id.* at 543. "A person is guilty of reckless homicide when, with recklessness he causes the death of another." KRS 507.-050(1). Pursuant to KRS 501.020(4),

> A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he fails to perceive a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation.

■ The Commonwealth produced evidence that Runion's blood alcohol content was .07%. However, the statutory presumption at KRS 189.520(3)(c) that if there was an alcohol concentration of 0.10 percent or greater then the defendant was under the influence of alcohol only applies in misdemeanor prosecutions for driving under the influence of intoxicating beverages. *Overstreet v. Commonwealth,* Ky., 522 S.W.2d 178, 179 (1975). The Commonwealth also introduced evidence that small levels of drugs were detected in Runion's blood and urine samples. Consequently, it was within the jury's province to determine whether Runion was driving under the influence and whether his conduct was reckless.

■ "[D]riving under the influence [is] sufficient to prove the element of wanton conduct required in KRS 507.020(1)(b)." *Walden v. Commonwealth,* Ky., 805 S.W.2d 102, 104 (1991), *citing Hamilton v. Commonwealth,* Ky., 560 S.W.2d 539, 541 (1978). Pursuant to KRS 507.040 and 507.050 wanton conduct requires greater criminal culpability than reckless conduct. Accordingly, evidence that a criminal defendant was driving under the influence is sufficient to prove reckless conduct.

■ Furthermore, the Commonwealth's case established that Runion was in the legal passing lane and Mrs. Day was in the legal turning lane at the time of the collision. It was not clear as to what point in time Runion began to pass Mrs. Day or when she began to turn. The Commonwealth introduced evidence that Mrs. Day either had her brake lights or her left turn signal illuminated at the time of impact and that Runion left an 85–foot skid mark. Therefore, it was within the province of the jury to determine whether Runion's conduct caused the resulting accident. *West v. Luchesi,* Ky., 509 S.W.2d 251 (1974).[2] The jury's decision indicates that

---

2. Among the statutes applying to each driver are the following:

> KRS 189.300(1) The operator of any vehicle when upon a highway shall travel upon the right side of the highway whenever possible, and unless the left side of the highway is clear of all other traffic or obstructions and presents a clear vision for a distance of at least one hundred and fifty (150) feet ahead.
> KRS 189.340(4) No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless the left side is clearly visible and free of oncoming traffic for a sufficient distance ahead to permit overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken.
> KRS 189.345(1) No vehicle shall be driven on the left side of the roadway under the following conditions: ... (b) When approaching within one hundred (100) feet of or traversing any intersection[.]
> KRS 189.350(2) In all cases of meeting, passing or overtaking of vehicles such assistance shall be given by the operator and occupants of each vehicle, respectively, to the other as the circumstances reasonably demand, in order to obtain clearance and avoid accidents.
> KRS 189.380(1) No person shall turn a vehicle or move right or left upon a roadway until such movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided.

they believed Runion's conduct was reckless and caused the resulting accident and Mrs. Day's death. Certainly, this is supported by the record; and it was not clearly unreasonable for the jury to conclude that Runion's ability to operate his vehicle was impaired. The Commonwealth presented testimony from two witnesses that the presence of alcohol and drugs in an individual at the level found in Runion would impair an individual's reactions. Therefore, it was not clearly unreasonable for the jury to conclude that Runion acted recklessly in driving his vehicle while impaired, and that this impairment either caused Runion to pass Mrs. Day's vehicle in an unsafe manner, fail to bring his vehicle to a stop in order to avoid the collision, fail to avoid the collision by taking some evasive action such as driving his vehicle into the ditch, or act or fail to act in some other manner as a result of his impairment.

■ At first blush, the inconsistent verdicts rendered by the jury pose a question as to whether the Commonwealth met its burden in establishing that Runion was reckless. Pursuant to the instructions given to the panel, the jury concluded that Runion's conduct was reckless as to Mrs. Day, but not as to Margaret Ann Day. As noted in *Pace v. Commonwealth*, Ky., 636 S.W.2d 887 (1982), where injury simultaneously occurs to more than one victim; it is logically inconsistent for the jury to convict the defendant of crimes requiring different criminal culpabilities as to those parties. *Id.* at 890.

The case at bar is distinguishable from *Pace.* Although not raised on appeal by either party, the jury instructions provide a logical explanation for the jury's verdicts.

With regard to the charges against Runion in relation to Mrs. Day, the jury was instructed on murder, second-degree manslaughter and reckless homicide. The jury found him guilty of reckless homicide. Under that instruction the jury was instructed that:

You will find him guilty under this instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

(a) That in Clay County, Kentucky, on or about the 9th day of October, 1989, and

before the finding of the indictment herein, he killed Loretta Day as a result of a motor vehicle collision;

AND

(b) That in so doing, he was acting recklessly.

The jury was further instructed that:

A defendant acts recklessly with respect to another's death when he fails to perceive a substantial and unjustifiable risk that death will occur. In order to be "substantial and unjustifiable," the risk of death must be of such nature and degree that failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation.

The jury received a second set of instructions with regard to the charges against Runion concerning Margaret Ann Day. Specifically, the jury was instructed on assault in the first degree, assault in the second degree and assault in the fourth degree. KRS 508.-030 provides that:

(1) A person is guilty of assault in the fourth degree when:

(a) He intentionally or wantonly causes physical injury to another person; or

(b) With recklessness he causes physical injury to another person by means of a deadly weapon or a dangerous instrument. . . .

The instruction on assault in the fourth degree would require a reckless mental culpability synonymous with that required for reckless homicide. The jury's instruction on assault in the fourth degree read as follows:

You may find him guilty under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt, all of the following:

That in Clay County, Kentucky, on or about the 9th day of October, 1989, and within 12 months before the finding of the indictment herein, he recklessly caused physical injury to Margaret Ann Day as a result of a motor vehicle collision. . . .

Additionally, the jury was given the following definition: [3]

> "Recklessly"—means a defendant acts recklessly with respect to another's *death* when he fails to perceive a substantial and unjustifiable risk that *death* will occur. In order to be "substantial and unjustifiable", [sic] the risk of *death* must be of such nature and degree that failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation. (emphasis added).

The court erred to the Commonwealth's prejudice by submitting the foregoing definition of fourth-degree assault to the jury. Specifically, the court erred by including the term "death" within its definition and this discrepancy explains the inconsistent verdicts which were rendered by the jury. Runion benefitted from this erroneous instruction that neither party objected to, and should not now be allowed to argue its inconsistency. "While it was error to give such an instruction, it redounded to the benefit rather than to the detriment of appellant." *Barbour v. Commonwealth*, Ky., 824 S.W.2d 861 (1992). Consequently, the circuit court is reversed and the jury's verdict is reinstated.

JOHNSTONE, J., concurs.

MILLER, J., dissents and files separate opinion.

MILLER, Judge, dissenting.

I am of the opinion that appellee's acquittal of first-degree assault of Margaret Ann Day effectively nullified his conviction of reckless homicide regarding Loretta Day. As the majority concedes, the jury verdicts were truly inconsistent and cannot on any ground be harmonized. The majority "theorized" that the reason for such inconsistency was the defective jury instruction as to fourth-degree assault, and because such instruction benefitted the appellee in this situation, the appellee cannot now challenge such inconsistency.

First, it must be pointed out there is not a scintilla of evidence that the inconsistent verdicts were, in fact, the result of the erroneous jury instruction. This revelation by the majority is necessarily speculative. It is not based upon substantive or probative evidence. I am of the opinion that speculation as to the cause of inconsistent jury verdicts should not be tolerated when an individual's freedom is at stake.

The majority relies upon *Barbour v. Commonwealth*, Ky., 824 S.W.2d 861, 864 (1992), for the proposition that "while it was error to give such an instruction, it redounded to the benefit rather than to the detriment of the appellant." However, when considered in context, it is apparent that *Barbour* is not dispositive upon the issue presented. In context, the *Barbour* Court stated at 864:

> Self-protection is unavailable as a defense to wanton conduct as *Shannon v. Commonwealth*, [Ky., 767 S.W.2d 548 (1988) ], clearly provides that a self-protection instruction is unavailable as a defense to wanton conduct. While it was error to give such an instruction, it redounded to the benefit rather than to the detriment of appellant. Thus, under the instructions as given, and before a jury could convict appellant of wanton murder, it was necessary to find Barbour not only guilty of wanton murder, i.e. that he engaged in wanton conduct which caused the death of the victim under circumstances manifesting extreme indifference to human life, but additionally that appellant was not privileged to act in self-protection.

Indeed, the case *sub judice* represents a dispute quite dissimilar than at issue in *Barbour, supra*. The specific issue presented is not whether an instruction should or should not have been given, but whether acquittal of appellee on one count of the indictment necessarily leads to dismissal of the other remaining count where an essential element of the two counts is identical. From the evidence presented, appellee could not have been reckless in regard to Loretta's death and not also reckless appertaining

---

**3.** It is also noted that to add to the confusion the definitions for "Recklessly" and "Wantonly" as

to the assault charges were identical.

Margaret's injuries. The jury findings were both legally and factually inconsistent.

While there may be a general rule that mere inconsistency of verdicts does not constitute reversible error, I believe an exception should be recognized where there exists at least two offenses charged emanating from the same criminal act or occurrence, each offense having an identical element or elements, and the verdict results in acquittal in one offense and conviction in the other. *See, e.g., People v. Pierce,* 40 A.D.2d 581, 334 N.Y.S.2d 410 (1972); and annot., 18 A.L.R.3d *Criminal Verdict—Inconsistency* 259 (1968). The reasoning behind such a rule is sound. During a criminal act, a perpetrator either possesses the questionable mental culpability or does not. In this case, appellee either drove his car recklessly to cause the accident resulting in Loretta's death and Margaret's injuries, or he did not. It seems to me the trial court's judgment should be affirmed. To decide differently would be repugnant to the well-founded principles of common sense and fair play.