**Charles Edward DAVIS,**
**Plaintiff–Appellant,**

v.

**James L. MORGAN, Warden,**
**Defendant–Appellee.**

No. 01–5303.

United States Court of Appeals,
Sixth Circuit.

Dec. 22, 2003.

Charles Edward Davis, pro se, La-Grange, KY, Christopher J. Pagan, Repper, Powers & Pagan, Middletown, OH, for Petitioner–Appellant.

Gregory C. Fuchs, Office of the Attorney General, Frankfort, KY, for Respondent–Appellee.

Before MARTIN and MOORE, Circuit Judges; and MCKEAGUE, District Judge.*

BOYCE F. MARTIN, JR., Circuit Judge.

Charles Edward Davis seeks a writ of habeas corpus on the ground that he was denied the effective assistance of counsel during his Kentucky state court murder trial. We find that the district court properly dismissed Davis's petition.

## I.

Following a 1989 jury trial in the Kenton Circuit Court in Kentucky, Davis was convicted of one count of murder and was sentenced to forty years of imprisonment. Davis admitted to shooting and killing Anthony Wayne Oden at Godfather's Lounge in Covington, kentucky, but he claimed that he acted in self-defense. In support of that claim, Davis testified that immediately preceding the shooting, Oden had been swinging a knife at him and that he feared for his life. Davis also testified that

---

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

his fear was intensified by his knowledge that Oden was a member in a local gang and that Oden's brothers and father were present in the lounge that evening. The trial judge instructed the jury on both intentional murder and wanton murder. The jury returned a verdict of guilty, but because no interrogatories were submitted it was never determined—and apparently it is impossible to determine—on what charge the jury found Davis guilty.

Among Davis's arguments on direct appeal to the Kentucky Supreme Court was that the jury instructions given at his trial were improper under *Shannon v. Commonwealth*, 767 S.W.2d 548 (Ky.1988), a case decided shortly before the commencement of his murder trial. Davis argued— and continues to argue in this appeal—that under *Shannon*, a defendant could not be convicted of wanton murder if he claimed that he acted in self-defense. Because Davis testified at trial that he acted in self-defense, he believes that the trial court violated *Shannon* by instructing the jury on wanton murder. The Kentucky Supreme Court held that this issue was not preserved for appeal because Davis had failed to object to the jury instructions when they were given. Rejecting Davis's other arguments, the Kentucky Supreme Court affirmed his conviction on December 27, 1990.

On August 29, 1995, Davis filed a *pro se* motion to vacate or set aside the conviction and sentence pursuant to Kentucky Criminal Rule 11.42, on the ground that he was denied effective assistance of counsel during his murder trial. Davis presented several examples of his counsel's allegedly deficient performance, including his failure to object to the jury instructions, failure to preserve an issue concerning the trial court's exclusion of exculpatory evidence of the victim's gang activity and failure to appeal the trial court's denial of a mistrial

based upon the racial implications of an all-white jury. On September 10, 1996, the Kenton Circuit Court denied Davis's motion without a hearing, and Davis appealed to the Kentucky Court of Appeals.

On November 12, 1997, the Kentucky Court of Appeals reversed the trial court's denial of Davis's motion for postconviction relief, holding, among other things, that the jury instructions given at his trial violated *Shannon*. The court reasoned that under *Shannon*, Davis was entitled to an intentional murder instruction with a concomitant instruction on self-defense, which would have permitted the jury to find him guilty of a lesser included offense. According to the court, Davis's counsel's failure to object to the improper jury instructions had a "direct and serious impact on the outcome" of the trial. Therefore, the court remanded the case to the Kenton Circuit Court for an evidentiary hearing on Davis's motion for postconviction relief.

The Kentucky Supreme Court granted the Commonwealth's motion for discretionary review and, on December 16, 1999, reversed the decision of the Court of Appeals. The Kentucky Supreme Court held that the jury instructions given at Davis's trial were proper under Kentucky law. It explained that *Shannon* was inapposite because while that case involved a related issue regarding wanton murder and self-defense, it expressly declined to resolve the precise question presented in Davis's case. That question, according to the court, was answered in *Barbour v. Commonwealth*, 824 S.W.2d 861 (Ky.1992), which held that "*Shannon* [is] not to be read as holding that alternative type of instructions on wanton and intentional murder can never be given even when either theory is reasonably supported by the evidence as in this case. Nor can [it] be read to declare that the jury cannot be instructed on the alternative of wanton

murder any time the defendant claims self-protection as a defense, even when such defense is lacking in evidentiary support." *Id.* at 864. Rather, according to *Barbour*, "even though a defendant asserts the defense of self-protection, when the evidence fails to sufficiently demonstrate that he did in fact possess at least a subjective belief in the need for self-defense, the jury can be properly instructed on the alternative of wanton murder along with intentional murder." *Id.* While *Barbour* was decided after Davis's conviction, the Kentucky Supreme Court ruled that it applied to Davis because the *Barbour* opinion expressly stated that it was based upon preexisting law and did not represent a change in the law.[2]

On August 8, 2000, after failing to obtain relief in the Kentucky state courts, Davis filed the instant petition in the Eastern District of Kentucky for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that (1) his trial counsel rendered ineffective assistance by failing to object to the jury instructions and failing to preserve and present exculpatory evidence of the victim's gang activity; (2) he was denied due process and equal protection because all African Americans had been excluded from jury consideration; and (3) he was unlawfully denied an evidentiary hearing during postconviction review.

The magistrate judge recommended that the district court grant the Government's motion for summary judgment and deny Davis's petition. The district court adopted the magistrate judge's recommendation in its entirety, holding that Davis had failed to show that the Kentucky Supreme Court's decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or that it was based upon an unreasonable determination of the facts in light of the evidence presented. While the district court refused to grant a certificate of appealability, this Court granted such a certificate as to each of Davis's claims of ineffective assistance of counsel.

In this appeal, Davis confines his argument to the issue of his trial counsel's failure to object to the jury instructions given at his trial. Davis raises two arguments: first, that the Kentucky Supreme Court unreasonably applied *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in holding that his trial counsel's failure to object to the jury instructions did not constitute ineffective assistance; and in the alternative, that the Kentucky Supreme Court's decision was contrary to United States Supreme Court precedent because it improperly analyzed his ineffective assistance claim under *Strickland*, when it should have analyzed the claim under *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

II.

In habeas corpus cases, this Court reviews the district court's legal conclusions *de novo* and its findings of fact for clear error. *Harris v. Stovall*, 212 F.3d 940, 942

---

2. Notably, in the later case of *McGinnis v. Commonwealth*, 875 S.W.2d 518, 521 (Ky. 1994), the Kentucky Supreme Court overruled *Barbour* and reinstated *Shannon*. The Kentucky Supreme Court held that *McGinnis* did not apply to Davis, however, because *McGinnis* was decided almost four years after Davis's conviction and was specifically limited in application to non-final cases where the issue was preserved. Further complicating matters, the Kentucky Supreme Court ultimately overruled *McGinnis* and abandoned the *Shannon* methodology in *Elliott v. Commonwealth*, 976 S.W.2d 416, 422 (Ky.1998), holding that a wanton murder instruction could, in fact, be given in a self-defense case and could be qualified by a self-defense instruction.

(6th Cir.2000). Under the Antiterrorism and Effective Death Penalty Act, this Court may grant Davis's petition for a writ of habeas corpus only if it finds that the Kentucky Supreme Court's decision was: (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1), (2).

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court decision involves "an unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A writ of habeas corpus may not be issued simply because the state court issued a decision that erroneously or incorrectly applies clearly established law; rather, the state court's application of law must have been objectively unreasonable. *Id.* at 410–11.

## A.

■ Davis's primary argument is that the Kentucky Supreme Court incorrectly and unreasonably applied *Strickland* when it held that his trial counsel did not render ineffective assistance by failing to object to the jury instructions given at his trial. To demonstrate ineffective assistance of counsel in violation of the Sixth Amendment, Davis must establish that: (1) his "coun-

sel's representation fell below an objective standard of reasonableness;" and (2) there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. The Kentucky Supreme Court held that Davis could not establish the prejudice required under the second prong of *Strickland* because the jury instructions were proper under state law and, thus, any objection thereto would have been overruled. In light of that conclusion, the court declined to consider whether Davis had satisfied *Strickland*'s first prong.

Davis argues that the Kentucky Supreme Court unreasonably applied *Strickland* when it found that he had failed to establish the requisite prejudice. Specifically, Davis argues that the Kentucky Supreme Court erred in determining that the jury instructions were proper because that determination was based upon an incorrect interpretation of *Shannon* and an improper retroactive application of *Barbour*. It is not the province of this Court, however, to second-guess the Kentucky Supreme Court's interpretation of its own state law. *See Wainwright v. Goode*, 464 U.S. 78, 84, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983) ("the views of the state's highest court with respect to state law are binding on the federal courts"); *Seymour v. Walker*, 224 F.3d 542, 558 (6th Cir.2000) ("it is not for this court to question the state court's interpretation of its own law"); *Houston v. Dutton*, 50 F.3d 381, 385 (6th Cir.1995) ("When and how state law applies to a particular case is a matter on which the state supreme court has the last word."). Our opinion in *Seymour* is particularly instructive. In that case, a habeas petitioner had argued that the jury instructions given at her Ohio state court trial were improper under Ohio law. The Ohio Court of Appeals, however, had already held that

the instructions were proper. Recognizing that we could not question the holding of the Ohio Court of Appeals with respect to its own state law, we rejected the petitioner's argument. *Seymour*, 224 F.3d at 558.

The rationale underlying our holding in *Seymour* applies with equal force in this case. Because we are bound to accept the Kentucky Supreme Court's decision as to the validity of the jury instructions given at Davis's trial, Davis's ineffective assistance of counsel claim must fail. If the jury instructions were proper, as we must assume, then Davis's counsel could not have rendered ineffective assistance by failing to object to them. Therefore, the Kentucky Supreme Court did not unreasonably apply *Strickland* in determining that Davis was not denied the effective assistance of counsel.

### B.

In the alternative, Davis argues that the Kentucky Supreme Court's decision was contrary to United States Supreme Court precedent because it analyzed Davis's ineffective assistance claim under *Strickland*, when it should have analyzed the claim under *Cronic*. In *Cronic*, the Supreme Court identified three situations in which the circumstances of a trial are "so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." 466 U.S. at 658–59; *see also Bell v. Cone*, 535 U.S. 685, 695–96, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Hunt v. Mitchell*, 261 F.3d 575, 582 (6th Cir. 2001). In those situations, ineffective assistance of counsel is presumed and need not be proven. *Cronic*, 466 U.S. at 658–59; *Bell*, 535 U.S. at 695–96; *Hunt*, 261 F.3d at 582–85. The three situations are: (1) where there is a " 'complete denial of counsel;' " (2) where " 'counsel entirely fails to subject the prosecution's case to meaningful adversarial testing;' " and (3) "where counsel is called upon to render assistance

under circumstances where competent counsel very likely could not...." *Bell*, 535 U.S. at 696 (quoting *Cronic*, 466 U.S. at 659).

The Supreme Court has highlighted *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), as the quintessential example of the third situation contemplated in *Cronic*. *Cronic*, 466 U.S. at 659. In *Powell*, the trial court waited until the very day of trial to appoint counsel for the defendants. In light of the last minute appointment, the Court found that "the surrounding circumstances made it so unlikely that any lawyer could provide effective assistance that ineffectiveness was properly presumed without inquiry into actual performance at trial." *Cronic*, 466 U.S. at 661 (discussing *Powell*).

■ Davis argues that his case falls within this third *Cronic* situation. He maintains that in light of the Kentucky Supreme Court's "vacillating" jurisprudence with respect to wanton murder and self-defense, no attorney could have discerned the actual law concerning the propriety of a wanton murder instruction in a self-defense case. In those circumstances, Davis claims, no attorney could effectively have represented his interests.

We find that the facts of this case are too far removed from those in *Powell* to justify a presumption of prejudice under *Cronic*. In determining whether a particular ineffective assistance of counsel claim falls within the third category of cases contemplated in *Cronic*, we have—consistent with *Powell*—focused upon the existence of time constraints prohibiting an attorney from performing effectively. *See, e.g., Sherrod v. Tennessee*, 61 Fed.Appx. 936, 939–40 (6th Cir.2003) (unpublished opinion) (holding that *Strickland*, rather than *Cronic*, applied to an ineffective assistance of counsel claim where there was no indication of "an extremely short preparation period prior to a hearing").

For example, in *Hunt v. Mitchell*, 261 F.3d 575 (6th Cir.2001), the defendant, Hunt, had "languished" in jail for eighty-seven days before being indicted for assault and domestic violence. *Id.* at 584. On the eighty-ninth day of Hunt's confinement without bail, in an effort to comply with Ohio's speedy trial statute, the trial court "hastily" arraigned him and appointed counsel. *Id.* Erroneously believing that it was Hunt's ninetieth day of confinement, the trial judge believed that the trial had to start that very day. Accordingly, the judge gave Hunt the choice of either waiving his right to a speedy trial or proceeding to trial that same afternoon. The judge refused to give appointed counsel ten minutes to consult with Hunt regarding his options. Instead, he bluntly asked Hunt whether he wished the trial to begin. Hunt responded, "Sure." Immediately thereafter, Hunt changed out of his prison clothes and a jury was empaneled. This Court found that in light of "Hunt's lawyer's lack of time to prepare," *id.* at 584, the circumstances in that case "were sufficiently egregious as to warrant a presumption of ineffectiveness under *Cronic,*" *id.* at 585.

Unlike *Powell* and *Hunt,* this case does not involve a situation where Davis's counsel was operating under any time constraints, nor are there any other circumstances that we find sufficiently egregious as to fall within the ambit of *Cronic.* Therefore, we hold that the Kentucky Supreme Court properly analyzed Davis's ineffective assistance claim under *Strickland,* rather than *Cronic.*

For these reasons, the district court's judgment denying Davis's petition for a writ of habeas corpus is AFFIRMED.