COMMONWEALTH of Kentucky,
Appellant,

v.

Jimmy HARRELL, Appellee.

No. 98–SC–0560–DG.

Supreme Court of Kentucky.

Sept. 23, 1999.

Discretionary Review Granted by
Supreme Court Oct. 14, 1999.

A.B. Chandler III, Attorney General of Kentucky, Todd D. Ferguson, Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, for Appellant.

Jeffrey A. Reed, Huddleston & Reed, Bowling Green, for Appellee.

LAMBERT, Chief Justice.

This Court granted discretionary review (CR 76.20) to consider whether a defendant may, for a single act involving multiple victims, be convicted of multiple crimes requiring different culpable mental states.

On December 23, 1994, Appellee, Jimmy Harrell, was driving in excess of 50 miles per hour in a 25 mile per hour speed zone when he drove through a stop sign at an intersection. His car collided with a car driven by Kelly Brown. Mr. Brown was seriously injured, and the passenger in the car, Nella Brown, was killed. About one and one-half hours after the collision, Harrell's blood alcohol level was determined to be .0763. Evidence was presented as to elimination of alcohol from the body and Harrell's blood alcohol level at the time of

the accident was estimated to have been .091.

Harrell was convicted of reckless homicide for the death of Ms. Brown and second degree assault for the injuries caused to Mr. Brown. Harrell was sentenced to five years for each conviction with the sentences ordered to run consecutively for a total of ten years.

On appeal, the Court of Appeals reversed and remanded the case for a new trial. The court recognized existing authority holding that a defendant cannot act recklessly with regard to some victims and wantonly with regard to others when the victims' injuries occurred simultaneously. *Pace v. Commonwealth*, Ky., 636 S.W.2d 887 (1982). Upon this authority, the Court held that Harrell could not be convicted of both reckless homicide and second degree assault because the offenses require inconsistent culpable mental states, recklessness and wantonness, respectively.

Upon review of the Court of Appeals' conclusion, two issues must be considered. First, it must be determined whether the mental states required for the verdicts are indeed logically inconsistent and if this inconsistency violates Harrell's due process rights. Second, it must be determined whether this Court should take a new approach to the problem based not on consistency of the mental states but on whether the evidence is sufficient to support both verdicts.

Pursuant to KRS 507.050, a "person is guilty of reckless homicide when, with recklessness he causes the death of another person." The culpable mental state "recklessly" is defined as follows:

A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he *fails to perceive* a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such a nature and de-gree that failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation.

KRS 501.020(4) (emphasis added). Pursuant to KRS 508.020(1)(c), a "person is guilty of assault in the second degree when ... [h]e wantonly causes serious physical injury to another person by means of a deadly weapon or dangerous instrument." The culpable mental state "wantonly" is defined as follows:

A person acts wantonly with respect to a result or a circumstance described by a statute defining an offense when he is *aware of and consciously disregards* a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such a nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but is unaware thereof solely by reason of involuntary intoxication also acts wantonly with respect thereto.

KRS 501.020(3) (emphasis added). Harrell argues that the mental states are logically inconsistent because reckless behavior involves a failure to perceive a substantial and unjustifiable risk while wanton behavior entails being aware of but consciously disregarding such a risk.

In *Pace v. Commonwealth, Ky.*, 636 S.W.2d 887 (1982), the defendant drove his car into three pedestrians, killing one and injuring the others. He was convicted of second degree manslaughter and second degree assault, which both required a wanton state of mind, and third degree assault, which required either a reckless or a wanton state of mind based upon the instructions given the jury.[1] This Court held that if the third degree assault conviction was based on a reckless state of mind, then the verdicts were inconsistent because the injury to all three victims occurred simulta-

---

1. Under the statute for third degree assault in existence at that time, a person could be found guilty of the offense either by wanton conduct or by reckless conduct.

neously. *Id.* at 890; *see Commonwealth v. Runion,* Ky.App., 873 S.W.2d 583, 587 (1993) (describing the *Pace* holding as "where injury simultaneously occurs to more than one victim; it is logically inconsistent for the jury to convict the defendant of crimes requiring different criminal culpabilities as to those parties"); *Skinner v. Commonwealth,* Ky., 864 S.W.2d 290, 295 (distinguishing *Pace* as treating "the question of inconsistencies among multiple verdicts against a single defendant" when victims are harmed simultaneously). In *Pace,* the judgment was reversed upon other grounds. In doing so, this Court directed that, upon retrial of the case, the jury instructions be given to avoid such inconsistency of culpable mental states.

 We now view our decision in *Pace* to have focused erroneously on the concept of consistency rather than upon the concept of sufficiency of evidence to sustain each conviction. A defendant may fail to perceive that death to a victim may result from his conduct; however, the defendant may be aware but consciously disregard the risk that severe injury to another victim may result. In other words, a defendant may have a reckless state of mind with respect to one result and a wanton state of mind with respect to another result arising simultaneously from the same conduct.

Furthermore, rigid adherence to a prohibition against inconsistent verdicts may interfere with the proper function of a jury, particularly with regard to lenity. *See Dunn v. United States,* 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356, 359 (1932); *United States v. Powell,* 469 U.S. 57, 61, 105 S.Ct. 471, 474, 83 L.Ed.2d 461, 466 (1984). Such an approach would unduly restrict the right of the jury to consider the evidence broadly and convict or acquit based upon its view of the evidence pertaining to each charge. Moreover, that approach requires analytical precision that would inevitably lead to confusion and needless appellate reversals.

The better approach would be to examine the sufficiency of the evidence to support each verdict. This approach is consistent with the United State Supreme Court's holding that each count of an indictment should be regarded as a separate indictment, and thus consistency in a verdict is not necessary. *Dunn v. United States,* 284 U.S. at 393, 52 S.Ct. at 190, 76 L.Ed. at 358 (1932); *United States v. Powell,* 469 U.S. at 67, 105 S.Ct. at 475, 83 L.Ed.2d at 467 (1984). In this case, there was sufficient evidence to support each of the verdicts. *Pace v. Commonwealth, supra,* is overruled to the extent it differs from the holding in this case.

For the foregoing reasons, the opinion of the Court of Appeals is reversed, and the judgment of the Simpson Circuit Court is hereby reinstated.

COOPER, GRAVES, KELLER, JOHNSTONE, STUMBO and WINTERSHEIMER, JJ., concur.