RENDERED:  NOVEMBER 5, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2019-CA-1029-MR

WILLIAM D. CALVERT                                                APPELLANT


APPEAL FROM ALLEN CIRCUIT COURT
v.        HONORABLE TYLER L. GILL, SPECIAL JUDGE
ACTION NO. 18-CR-00015


COMMONWEALTH OF KENTUCKY                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, McNEILL, AND TAYLOR, JUDGES.

McNEILL, JUDGE:  On November 20, 2017, William D. Calvert, Appellant, was
at home in his residence in Allen County, Kentucky, with his wife, Marcia Calvert.
Mr. Calvert had consumed several beers that day.  The Calverts were having
difficulty with their cable service and requested a technician from their cable
provider, North Central Telephone Cooperative.  Thereafter, a cable technician,
Jeffery Powell, responded and traveled to Mr. Calvert's home to investigate the

complaint. While Jeffery Powell was troubleshooting the Calverts' connectivity issues, he left the house momentarily to go to his truck. When he returned he heard Mr. Calvert yelling that he was going to kill Ms. Calvert. While inside the home, Mr. Calvert, who was armed with a handgun, fired two shots at Ms. Calvert, both of which missed her by between one to three feet. An altercation between Mr. Calvert and Powell then ensued wherein Mr. Calvert alleged that Powell was sleeping with his wife. Powell promptly responded that he was only there to fix the cable service. Nevertheless, Mr. Calvert shot Powell in his left shoulder.

As a result of the preceding events, Mr. Calvert was indicted and tried. At trial, a police officer who arrived on the scene described Mr. Calvert's erratic behavior and specifically testified that Mr. Calvert was "extremely intoxicated." Both victims testified at length concerning the events of November 20, 2017. Ultimately, an Allen Circuit Court jury was instructed on attempted murder, first-degree assault, and first-degree wanton endangerment for the shooting of Powell, and attempted murder and first-degree wanton endangerment for the shots fired at Ms. Calvert.

Mr. Calvert was found guilty but mentally ill for attempted murder (Ms. Calvert), and guilty but mentally ill for first-degree assault (Powell). The jury recommended a sentence of ten years' and fourteen years' imprisonment, respectively, to be served concurrently. The trial court sentenced Mr. Calvert in

-2-

accordance with the jury's recommendation. Mr. Calvert now appeals his judgment and sentence as a matter of right. Mr. Calvert's sole argument on appeal is that the trial court erred in denying his motion for a directed verdict involving the charges associated with Ms. Calvert. For the following reasons, we disagree.

## I. **STANDARD OF REVIEW**

We will reverse the trial court's denial of a motion for directed verdict "if under the evidence as a whole, it would be *clearly unreasonable* for a jury to find guilt[.]" *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991) (citing *Commonwealth v. Sawhill*, 660 S.W.2d 3 (Ky. 1983)) (emphasis added). When ruling on a directed verdict motion, the trial court must assume that the Commonwealth's evidence is true. *Benham*, 816 S.W.2d at 187. Our review is confined to the proof at trial and the statutory elements of the alleged offense. *See Lawton v. Commonwealth*, 354 S.W.3d 565, 575 (Ky. 2011). With these standards in mind, we conclude that the record demonstrates that the Commonwealth presented sufficient evidence that would allow a jury to reasonably convict Mr. Calvert.[1]

---

[1] We also note that the basic facts here are undisputed. As the Commonwealth states in its brief, "[t]he Commonwealth agrees with most of the Statement of the Case by the Appellant . . . but wishes to add some additional details . . . ." Appellant did not file a reply brief contesting the Commonwealth's assertions.

## II.  ANALYSIS

In support of his much abbreviated argument that he was entitled to a directed verdict, Mr. Calvert cites only the preservation of this issue and, without explanation or application, *Commonwealth v. Harrell*, 3 S.W. 3d 349, 351 (Ky. 1999) (concluding that "a defendant may have a reckless state of mind with respect to one result and a wanton state of mind with respect to another result arising simultaneously from the same conduct."). Having reviewed *Harrell*, it further fortifies our present Opinion affirming Mr. Calvert's conviction. And although Mr. Calvert alleges that the jury was "confused" by the attempted murder and wanton endangerment instructions, he has failed to provide a sufficient basis in law or fact for that contention. Furthermore, Mr. Calvert has not provided any basis for why wanton endangerment is an improper lesser included offense to attempted murder in this set of facts. Critically, Mr. Calvert has failed to present any viable basis for any argument that the evidence presented by the Commonwealth was insufficient to support a conviction for attempted murder or wanton endangerment as to Ms. Calvert. Therefore, it was not clearly unreasonable for the jury to convict Mr. Calvert of attempted murder. Although he did not properly preserve a challenge to his conviction for the first-degree assault of Powell, our analysis here would apply equally to that conviction as well.

### III. CONCLUSION

For the foregoing reasons, we hereby affirm the judgment of the Allen Circuit Court.

ALL CONCUR.


BRIEF FOR APPELLANT:

Dennie Hardin
Bowling Green, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky
Frankfort, Kentucky

Mark D. Barry
Assistant Attorney General
Frankfort, Kentucky