**Lucien SHERROD, Petitioner–Appellant,**

**v.**

**State of TENNESSEE and Jack Morgan, Warden, Respondents–Appellees.**

**No. 01–6425.**

United States Court of Appeals, Sixth Circuit.

March 4, 2003.

Before SILER and ROGERS, Circuit Judges; and GWIN, District Judge.*

ROGERS, Circuit Judge.

Lucien Sherrod appeals the dismissal of his petition for habeas corpus relief, as-

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of

serting that the prejudice required by *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), should have been presumed due to his attorney's failure to investigate and present mitigating evidence during his sentencing hearing. For the following reasons, we AFFIRM the district court's dismissal of Sherrod's petition.

## FACTS

Sherrod was tried for first degree murder in connection with the stabbing death of his wife. At his trial, Sherrod was represented by Lionel Barrett, who defended Sherrod against the charge by arguing that the State had arrested the wrong person. In an attempt to escape the penalties associated with first degree murder, Barrett also advocated the insufficiency of the State's evidence regarding premeditation. Both strategies were unsuccessful, however, and Sherrod was convicted of first degree murder.

In Tennessee, a separate sentencing hearing is conducted "as soon as practicable" upon a conviction for first degree murder. *See* TENN.CODE ANN. § 39–13–204(a). Neither Barrett, nor the State, offered evidence at the petitioner's sentencing hearing. Instead, Barrett relied upon the facts adduced at trial to argue that a life sentence, as opposed to life without parole, was an appropriate sentence. The jury was unswayed and sentenced Sherrod to life without parole.

Barrett's decision not to offer mitigation evidence at the sentencing hearing was greatly influenced by the evidence that the State would have offered in rebuttal. Specifically, Sherrod had previously been arrested for the assault and attempted murder of his first wife. The State was also prepared to offer evidence regarding Sherrod's lack of remorse.

Sherrod appealed his conviction to the Court of Criminal Appeals of Tennessee, which affirmed. Sherrod initially failed to pursue a direct appeal to the Tennessee Supreme Court, but, in post-conviction proceedings, Sherrod was granted the right to submit direct appeal issues to the Tennessee Supreme Court in a delayed appeal. In the same post-conviction proceedings, Sherrod unsuccessfully pursued an ineffective assistance of counsel claim based upon Barrett's failure to investigate and present mitigation evidence.

. In denying Sherrod's ineffective assistance claim, the Court of Criminal Appeals of Tennessee concluded that Sherrod failed to demonstrate prejudice arising from Barrett's allegedly ineffective actions, as required by *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). After this denial, Sherrod sought discretionary review from the Tennessee Supreme Court on both his direct appeal issues and his ineffective assistance of counsel claim. The Tennessee Supreme Court denied his application for discretionary review.

On August 18, 2000, Sherrod filed a petition for writ of habeas corpus in the United States District Court for the Middle District of Tennessee, again asserting an ineffective assistance of counsel claim. The district court ordered the dismissal of Sherrod's petition upon the State's motion for summary judgment. Sherrod has appealed the dismissal of his petition to this Court.

## STANDARD

In reviewing federal habeas corpus proceedings, we examine the district court's legal conclusions under a *de novo* standard

Ohio, sitting by designation.

and its factual findings under a "clearly erroneous" standard. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir.1999).

Sherrod's petition for relief, filed August 18, 2000, is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir.2001) (finding that AEDPA applies to petitions filed after April 24, 1996). Under the amended statute, a writ of habeas corpus

> May issue only if ... the state-court adjudication resulted in a decision that either (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams v. Taylor*, 529 U.S. 362, 402, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (quoting 28 U.S.C. § 2254(d)(1)).

### ANALYSIS

To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Though there are instances in which prejudice from counsel's unprofessional errors is presumed, presumed prejudice is generally limited to three sets of circumstances: (1) where the accused is completely denied counsel, (2) where counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, and (3) where, although counsel is available to assist the accused, the likelihood that any lawyer could provide effective assistance is so small that a presumption of prejudice is appropriate.[1] *United States v. Cronic*, 466 U.S. 648, 658, 659–660, 659 n. 26, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *see also Bell v. Cone*, 535 U.S. 685, 122 S.Ct. 1843, 1851, 152 L.Ed.2d 914 (2002).

I. The Court of Criminal Appeals of Tennessee Did Not Deny Sherrod Relief Contrary to Clearly Established Federal Law, as Determined by the Supreme Court of the United States

Sherrod maintains that the state court should have applied a "presumed prejudice"[2] standard, rather than requiring the

---

**1.** A more limited presumption of prejudice applies where the accused's counsel is burdened by an actual conflict of interest. *Strickland v. Washington*, 466 U.S. 668, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In such cases prejudice is "presumed only if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Id.* (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 350, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333(1980)). Sherrod, however, does not allege that Barnett was influenced by a conflict of interest.

**2.** Sherrod also argues that, where the sentencing phase of a trial is largely ignored, "slight evidence of prejudice will meet the prejudicial prong of *Strickland*." (Appellant's Br. at 17 citing *Clabourne v. Lewis*, 64 F.3d 1373, 1384–87 (9th Cir.1995) and *Horton v. Zant*, 941 F.2d 1449, 1463 (11th Cir.1991).) This argument fails for two reasons. First, the scope of review under § 2254(d)(1) is limited to "clearly established Federal law, *as determined by the Supreme Court of the United States.*" 28 U.S.C.A. § 2254(d)(1) (emphasis supplied). Neither of the cited decisions are United States Supreme Court decisions; therefore, they cannot be considered in granting habeas relief under § 2254(d)(1). *See Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)(stating that "§ 2254(d)(1) restricts the source of clearly established law to this Court's jurisprudence").

petitioner to demonstrate prejudice under the *Strickland* standard. In arguing that the state court applied the wrong "legal rule," Sherrod asserts that the state court's decision is contrary to clearly established federal law. *See Williams*, 529 U.S. at 406 (noting that a state-court decision that applies the "correct legal rule," as announced by United State Supreme Court decisions, would not fit within the "contrary to" clause). The "contrary to" clause of 28 U.S.C. § 2254(d)(1) allows a federal habeas court to grant habeas corpus relief only if the state court either (1) decided the case differently than a prior United States Supreme Court decision that presented materially indistinguishable facts, or (2) arrived at a conclusion opposite to a conclusion previously reached by the United States Supreme Court on a question of law. *Williams*, 529 U.S. at 412–413.

A. The State Court Did Not Decide the Case Differently Than a Prior, Materially Indistinguishable, Decision of the United States Supreme Court

Sherrod cites two United States Supreme Court Cases in connection with his assertion that prejudice should be presumed: *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), and *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).[3] Both of these cases, however, involve facts materially distinguishable from the present circumstances.

*Evitts* involved Keith E. Lucey, who appealed his conviction for trafficking in controlled substances to the Kentucky Court of Appeals. *Evitts*, 469 U.S. at 389. The court dismissed Lucey's direct appeal due to his attorney's failure to file a statement of appeal. *Id.* at 390. After Lucey was denied discretionary review by the Kentucky Supreme Court, he filed a federal habeas corpus petition alleging ineffective assistance of counsel. *Id.* at 390. On appeal to the United States Supreme Court, the Commonwealth of Kentucky did not challenge the district court's finding that Lucey received ineffective assistance of counsel. *Id.* at 392. In other words, prejudice was not presumed, as Sherrod claims; rather the issue was not controverted. Thus, as *Evitts* did not deal with the presumption of prejudice, it could not present a conflict with the state court's determination not to presume prejudice. In addition *Evitts* involved the failure to file proper appellate materials, not a failure to investigate and present mitigating evidence for sentencing purposes. *Id.* at 390. *Evitts*, therefore, also presents distinguishable facts.

---

In addition, neither of the cases cited by petitioner "clearly establishes" a "slight prejudice" standard. In fact, both cases adhere to the prejudice standard announced in *Strickland*. *Clabourne*, 64 F.3d at 1378, 1386–87 (citing the *Strickland* standard as the proper standard); *Zant*, 941 F.2d at 1463 (citing *Strickland* as the proper standard and finding that the failure to present mitigating evidence and the counsel's inappropriate comments in the sentencing phase demonstrated a reasonable probability of prejudice).

3. Sherrod cites two other United States Supreme Court decisions in his brief, *Johnson v. United States*, 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997), and *Arizona v. Ful-*minante, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). Both of these decisions are cited in connection with the structural/trial error dichotomy involved in the "harmless error" analysis announced in *Chapman v. California*, 386 U.S. 18, 22, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). (*See* Appellant's Br. at 14, 16.) The structural/trial error dichotomy, however, does not inform this Court's review of a state court's determination of an ineffective assistance of counsel claim. *Williams*, 529 U.S. at 391 ("It is past question that the rule set forth in *Strickland* qualifies as 'clearly established Federal law, as determined.' " by the Supreme Court of the United States.' ").

*Powell,* which was also cited by Sherrod, involved the prosecution of three young men for rape in Alabama. The lower court perfunctorily appointed "all members of the bar" for the defendants' arraignment, and up to the day of the trial, the defendants were not represented by counsel. *Powell,* 287 U.S. at 56. On the very morning of the trial, the court appointed an admittedly unprepared attorney to represent the defendants and immediately proceeded to try the defendants. *Id.* at 57. The United States Supreme Court held that the inability of counsel to prepare or investigate due to counsel's appointment upon the very brink of trial denied the defendants "the right of counsel in any substantial sense." *Id.* at 58.

In *Powell,* the circumstances of the representation were of such a nature that it was highly unlikely that "any lawyer, even a fully competent one, could provide effective assistance." *Cronic,* 466 U.S. at 660 (discussing *Powell*). Unlike the *Powell* defendants, Sherrod does not contend that any counsel would have been ineffective due to an extremely short preparation period prior to a hearing. As Sherrod notes in his brief, Barrett knew that a sentencing hearing was likely during the guilt phase of the trial. Rather, Sherrod bases his ineffectiveness claim upon his attorney's failure to investigate or present mitigation evidence. This material difference in the purported causes of ineffectiveness distinguishes the present case from *Powell.* In fact, the United States Supreme Court decisions that do involve materially indistinguishable facts are in accord with the state court's decision. *See Williams,* 529 U.S. at 391, 396–97 (examining a claim under the *Strickland* standard where petitioner's "trial lawyers failed to investigate and to present substantial mitigating evidence to the sentencing jury"); *Darden v. Wainwright,* 477 U.S. 168, 184, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (finding that petitioner's ineffectiveness claims, based upon a failure to investigate and present mitigating evidence "must be evaluated against the two-part test announced in *Strickland*"); *Burger v. Kemp,* 483 U.S. 776, 788–96, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987) (applying the *Strickland* standard without mention of presumed prejudice where petitioner's attorney "failed to develop and present mitigating evidence at either of the two sentencing hearings").

**B. The State Court Did Not Arrive at a Conclusion of Law Opposite to a Conclusion of Law Previously Reached by the United States Supreme Court**

As noted earlier, a state court decision is also contrary to clearly established federal law if the state court applies a rule that contradicts the governing law as set forth in a prior United States Supreme Court decision. *Williams,* 529 U.S. at 405. Further, there are certain categories of circumstances in which prejudice due to ineffective assistance of counsel may be presumed. *Cronic,* 466 U.S. at 658. Thus, if the state court denied Sherrod relief due to his failure to demonstrate prejudice where prejudice could properly be presumed, the state-court decision would be contrary to clearly established federal law. Sherrod's claim, however, does not demonstrate any of the enumerated circumstances under which prejudice may be presumed.

Prejudice is presumed where there is a great likelihood that a fully competent attorney would be unable to provide effective assistance under the circumstances, a category exemplified by the situation in *Powell. Cronic,* 466 U.S. at 659–61. The Court has noted that this category is not

often applicable and generally[4] arises when counsel's preparation time is insufficient considering the gravity of the charge, the complexity of the case and the accessibility of witnesses. *Id.* at 661–62, 663–666. In this case, Sherrod does not assert that a fully competent attorney would have been unable to provide effective assistance due to the circumstances, but claims that Barrett was ineffective in failing to investigate and to present possible mitigating evidence. Thus, the circumstances of Sherrod's claim do not implicate the *Powell* category of presumed prejudice.

A presumption of prejudice also arises where the accused is completely denied counsel. This category is implicated if counsel is "either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." *Id.* at 659 n. 25. Sherrod does not allege that Barrett was not at the sentencing hearing. Nor does Sherrod allege that the State either actually or constructively prevented Barrett from assisting Sherrod during the sentencing hearing. Thus, prejudice may not be presumed based upon a denial of counsel.

Finally, prejudice is presumed if "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *Id.* at 659. The United States Supreme Court has recently clarified that, for this category to be applicable, "the attorney's failure must be complete," and counsel must fail to "oppose the prosecution throughout the sentencing proceeding as a whole." *Cone,* 122 S.Ct. at 1851. In Sherrod's case, while Barrett did not present any mitigation evidence, he did argue for mitigation based upon the facts that had been adduced at trial. Thus, Barrett did not

"entirely" fail to test the prosecution's case. *Cf. Cone,* 122 S.Ct. at 1851–52 (finding that petitioner's attorney, in failing to offer mitigating evidence and waiving of closing argument at sentencing hearing, did not entirely fail to test prosecution's case).

Prejudice to Sherrod may not, therefore, be presumed under the *Cronic* analysis. This conclusion is further supported by the Supreme Court's recent decision in *Bell v. Cone,* which upheld a state court decision requiring a prejudice showing where a petitioner's ineffective assistance of counsel claim was based upon his attorney's failure to adduce mitigating evidence and waiver of closing argument at petitioner's sentencing hearing. *See Cone,* 122 S.Ct. at 1842. While Sherrod's case differs slightly from *Cone,* in that Sherrod alleges that his attorney failed to investigate and present possible mitigating evidence, there is no reason to believe that this additional factor should alter the analysis. Rather, as demonstrated by *Burger v. Kemp* and *Darden v. Wainwright,* the alleged errors of failing to investigate and adduce mitigating evidence at a sentencing hearing are "of the same ilk as other specific attorney errors [that] have been held subject to *Strickland's* performance and prejudice components." *Cone,* 122 S.Ct. at 1851–52.

II. The Court of Criminal Appeals of Tennessee Did Not Unreasonably Apply Clearly Established Federal Law, as Determined by the Supreme Court of the United States

Sherrod would also be entitled to relief if the state court's decision involved an "application of clearly established federal law that was objectively unreasonable." *Williams,* 529 U.S. at 409. As the Su-

---

4. This category is also implicated if counsel labors under an actual conflict of interest. *See United States v. Cronic,* 466 U.S. 648, 662 n. 31, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). The conflict of interest situation triggers its own distinct analysis. *See supra* note 1.

preme Court has noted, "[i]t is past question that the rule set forth in *Strickland* qualifies as 'clearly established Federal law' for ineffective assistance of counsel claims." *Id.* at 391. Thus, for Sherrod to succeed:

> [H]e must do more than show that he would have satisfied *Strickland*'s test . . ., because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner.

*Cone*, 122 S.Ct. at 1852 (citations omitted).

At the state court evidentiary hearing, Sherrod presented the testimony of two witnesses, his own and that of Frances L. Hampton. (R. 22, Notice of Filing Transcript, J.A. at 129–55.) These accounts generally state that there were witnesses that, if investigated, would have testified for Sherrod at his sentencing hearing. The state trial court found that nothing in these accounts, however, established what the missing witnesses' testimony would have been. Sherrod also briefly detailed the circumstances that led to his upbringing by his aunt.

The Court of Criminal Appeals of Tennessee concluded that Sherrod did not establish prejudice and found it unnecessary to proceed to *Strickland*'s ineffectiveness prong. *Sherrod v. State,* No. 01C01–9808–CR–00328, 1999 WL 680285, at *2 (Tenn. Crim.App.1999). This was not an unreasonable application of *Strickland*'s prejudice test, which requires that the *"defendant . . . show* that there is a reasonable probability that, but for counsel's unpro-

fessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694 (emphasis added).

Without a showing that the missing witnesses would have presented evidence of mitigating circumstances, it is impossible to conclude that the result of the sentencing proceeding would have been different had they testified. Further, as in *Strickland,* admission of testimony regarding Sherrod's family circumstances would have allowed the introduction of the State's evidence regarding Sherrod's prior arrest for the alleged shooting of his wife and his lack of remorse. *Cf. Strickland,* 466 U.S. at 700 (stating, in applying the prejudice analysis, that the "admission of the evidence respondent now offers might even have been harmful to his case: his 'rap sheet' would have probably been admitted into evidence"). Given the negligible effect of the presented mitigating evidence and the aggravating evidence that would have been admitted in response, it was reasonable for the state court to conclude that Sherrod had not demonstrated prejudice.

## CONCLUSION

For the above reasons, we AFFIRM the district court's dismissal of Sherrod's petition.